```
1   STEVEN WANG, Bar No. 191168
    City Attorney
2   swang@folsom.ca.us
    SARI MYERS DIERKING, Bar No. 226805
3   sdierking@folsom.ca.us
    Assistant City Attorney
4   CITY OF FOLSOM
    50 Natoma Street
5   Folsom, California 95630
    Telephone:  (916) 461-6025
6   Facsimile:  (916) 351-0536

7   JEFFREY V. DUNN, Bar No. 131926
    jeffrey.dunn@bbklaw.com
8   DANIEL L. RICHARDS, Bar No. 315552
    daniel.richards@bbklaw.com
9   BEST BEST & KRIEGER LLP
    18101 Von Karman Avenue
10  Suite 1000
    Irvine, California 92612
11  Telephone:     (949) 263-2600
    Facsimile:     (949) 260-0972
12
    Attorneys for Defendant
13  CITY OF FOLSOM
```

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARI SHETTY, KAVITA SOOD, AND NEIGHBORHOOD ELECTIONS NOW,<br><br>        Plaintiffs,<br><br>    v.<br><br>CITY OF FOLSOM,<br><br>        Defendant. | Case No.<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. SECTION 1441 (FEDERAL QUESTION)** |

55747.00005\34924951.1

NOTICE OF REMOVAL OF ACTION

# NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Defendant, City of Folsom ("Defendant" or "City") hereby removes to this Court – pursuant to 28 U.S.C. §§ 1441 and 1446 - the state court action described below, currently pending in the Superior Court of California, County of Sacramento, based on federal question jurisdiction. In support of removal, Defendant states as follows:

## BACKGROUND

1. On December 31, 2020, this action was commenced in Superior Court of the State of California in and for the County of Sacramento and entitled *Hari Shetty et al. v. City of Folsom*. The suit was assigned case number 34-2020-00291639-CU-CR-GDS by the Sacramento County Superior Court. A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2. The first date upon which Defendant City received a copy of the Complaint was on January 20, 2021, when a copy of the Complaint was served on the City Clerk along with a Summons from the state court. A true and correct copy of the Summons is attached hereto as **Exhibit B**.

3. Along with the Summons and Complaint, the City also received the following documents from Plaintiffs: Order re: Delay in Scheduling Initial Case Management Conference, Program Case Notice – Unlimited Civil Case, Alternative Dispute Resolution Information Package, and Notice of Related Case. A true and correct copy of these documents are attached hereto as **Exhibit C**.

4. On February 16, 2021, the City filed a demurrer to Plaintiffs' Complaint. A true and correct copy of the Demurrer is attached hereto as **Exhibit D**. A true and correct copy of the Memorandum of Points and Authorities in Support of Demurrer is attached hereto as **Exhibit E**. A true and correct copy of the Request for Judicial Notice in Support of Demurrer is attached hereto as **Exhibit F**.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

55747.00005\34924951.1

NOTICE OF REMOVAL OF ACTION

1  A true and correct copy of the Declaration of Steven Wang in Support of Demurrer is attached hereto as **Exhibit G**. A true and correct copy of the Declaration of Sari Dierking in Support of Demurrer it attached hereto as **Exhibit H**.

5. On February 19, 2021, the City filed an Ex Parte Application to advance hearing date on demurrer. A true and correct copy of the Ex Parte Application is attached hereto as **Exhibit I**. A true and correct copy of the Declaration of Sari Dierking in Support of Ex Parte Application is attached hereto as **Exhibit J**. A true and correct copy of the Declaration of Steven Wang is attached hereto as **Exhibit K**.

6. On February 23, 2021, the state court granted the ex parte application, and advanced the hearing on the City's demurrer to March 17, 2021. A true and correct copy of this order is attached hereto as **Exhibit L**.

7. On March 1, 2021, the City filed an Amended Notice of Demurrer. A true and correct copy of this amended notice is attached hereto as **Exhibit M**.

8. On March 3, 2021, Plaintiffs filed an Opposition to the City's Demurrer. A true and correct copy of the opposition is attached hereto as **Exhibit N**. A true and correct copy of the Request for Judicial Notice in Support of Opposition is attached hereto as **Exhibit O**.

9. On March 10, 2021, the City filed a Reply in Support of Demurrer. A true and correct copy of this Reply is attached hereto as **Exhibit P**. A true and correct copy of the Request for Judicial Notice in Support of Reply in Support of Demurrer is attached hereto as **Exhibit Q**.

10. The City's demurrer was heard on March 17, 2021, and was sustained with leave to amend. A true and correct copy of the order sustaining the demurrer with leave to amend is attached hereto as **Exhibit R**.

11. On June 10, 2021, the original date for the City's demurrer, the Court entered and served a minute order reflecting that the City's demurrer had already been heard. A true and correct copy of this minute order is attached hereto as

**Exhibit S**.

12. On December 3, 2021, the state court served an order scheduling a case management conference. A true and correct copy of this order is attached hereto as **Exhibit T**.

13. On December 27, 2021, the City filed a Case Management Statement. A true and correct copy of this document is attached hereto as **Exhibit U**.

14. On January 6, 2022, Plaintiffs filed a case management statement. A true and correct copy of this statement is attached hereto as **Exhibit V**.

15. On January 10, 2022, the City filed a motion to dismiss on the grounds that Plaintiffs had failed to timely file an amended complaint. A true and correct copy of the Motion to Dismiss is attached hereto as **Exhibit W**. A proof of service filed on January 24, 2022 is also attached to **Exhibit W**. A true and correct copy of the Memorandum of Points and Authorities in Support of Motion to Dismiss is attached hereto as **Exhibit X**. A true and correct copy of the Declaration of Steven Wang in Support of Motion to Dismiss is attached hereto as **Exhibit Y**.

16. On January 11, 2022, the state court entered a tentative order scheduling a case management conference for January 6, 2023. A true and correct copy of this tentative order is attached hereto as **Exhibit Z**.

17. On January 21, the state court entered a final order scheduling a case management conference for January 6, 2023. A true and correct copy of this order is attached hereto as **Exhibit AA**.

18. On January 27, 2022, Plaintiffs filed an Opposition to Motion to Dismiss. A true and correct copy of this opposition is attached hereto as **Exhibit AB**.

19. On February 2, 2022, the City filed a Reply in Support of Motion to Dismiss. A true and correct copy of this reply is attached hereto as **Exhibit AC**.

20. On February 10, 2022, the state court entered an order denying the City's Motion to Dismiss, but ordering Plaintiffs to file an amended complaint no

later than February 22, 2022. A true and correct copy of this order is attached hereto as **Exhibit AD**.

21. On February 22, 2022, Plaintiffs emailed a First Amended Complaint to counsel for the City. The verifications to the First Amended Complaints were not signed, and there was no file stamp or other indication the First Amended Complaint had been filed with the state court. A true and correct copy of this First Amended Complaint is attached hereto as **Exhibit AE**.

22. On February 25, 2022, after checking the state court's online Register of Actions to confirm the First Amended Complaint had apparently not been filed, the City filed a Motion to Dismiss on the grounds that Plaintiffs had again failed to timely file an amended complaint. Attached hereto as **Exhibit AF** is a true and correct copy of the Motion to Dismiss. A true and correct copy of the Memorandum of Points and Authorities in Support of Motion to Dismiss is attached hereto as **Exhibit AG**. A true and correct copy of the Declaration of Steven Wang is attached hereto as **Exhibit AH**.

23. On March 3, 2022, Plaintiffs filed an Ex Parte Application for a Temporary Restraining Order and an Order to Show Cause regarding a Preliminary Injunction. Attached hereto as **Exhibit AI** is a true and correct copy of the Ex Parte Application. A proof of service filed on the same day is also attached to **Exhibit AI**. Attached hereto as **Exhibit AJ** is a true and correct copy of a Proposed Order Granting Ex Parte Application.

24. On March 3, 2022, the City filed an Opposition to Ex Parte Application. Attached hereto as **Exhibit AK** is a true and correct copy of this Opposition. Attached hereto as **Exhibit AL** is a true and correct copy of the Request for Judicial Notice in Support of Opposition to Ex Parte Application. Attached hereto as **Exhibit AM** is a true and correct copy of the Declaration of Christa Freemantle in Support of Opposition to Ex Parte Application. Attached hereto as **Exhibit AN** is a true and correct copy of the Proposed Order Denying Ex

Parte Application.

25. On March 4, 2022, the state court denied Plaintiffs' Ex Parte Application. A true and correct copy of the Order Denying Ex Parte Application is attached hereto as **Exhibit AO**.

26. On March 17, 2022, the City filed a notice of association of counsel, reflecting that Daniel Richards and Jeffrey Dunn of Best Best & Krieger, LLP also represent the City in this action. A true and correct copy of this notice is attached hereto as **Exhibit AP**.

27. On March 17, 2022, the state court's online Register of Actions was updated to reflect that the Amended Complaint had been filed on February 22, 2022. On March 18, 2022, the City withdrew its pending Motion to Dismiss. A true and correct copy of a March 18, 2022 screenshot of the state court's online Register of Action, reflecting that the Register of Action item number 57 indicates the Amended Complaint was filed on February 22, 2022, is attached hereto as **Exhibit AQ.** A true and correct copy of the City's withdrawal of its Motion to Dismiss is attached hereto as **Exhibit AR.**

28. The version of the First Amended Complaint that was filed with the state court differs slightly from the version that was served upon the City, in that the version served upon the City contained two unexecuted verifications, while the filed version contained no verifications. Attached hereto as **Exhibit AS** is a true and correct copy of the version of the First Amended Complaint filed with the state court.

## DEFENDANT HAS COMPLIED WITH THE REQUIREMENTS FOR REMOVAL

29. Defendant has filed this Notice of Removal within 30 days of receipt by Defendant, through service or otherwise, of a copy of a pleading, amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. Pursuant to 28 U.S.C.

§1446(b)(3) and Rule 6(a) of the Federal Rules of Civil Procedure, this Notice of Removal is filed within thirty (30) days after Defendant's February 22, 2022 email receipt of the First Amended Complaint, which is the first pleading, amended pleading, motion, order, or other paper from which it may be ascertained that this case is one which has become removable.

30. The original complaint brought only a single claim for "Violation of California Voting Rights Act," California Elections Codes section 14025, *et seq.*, and there was not complete diversity of parties. *See* Ex. A at ¶¶ 1, 20–23, 46–53.

31. Pursuant to 28 U.S.C. § 1446(a), a complete copy of all process, pleadings, and orders served upon or received by Defendants in the State Court Action are attached hereto as **Exhibits A–AR**.

32. Pursuant to 28 U.S.C. § 1446(b)(2)(A), "all defendants who have been properly joined and served" have either joined in or consented to this Notice of Removal. Defendant City of Folsom is the only defendant in this action, and is the party removing this action.

33. No further proceedings involving Defendant has occurred in the State Court Action as of the date of the filing of this Notice of Removal. For example, Defendant has not yet filed a response to the First Amended Complaint. Defendant hereby reserves any and all rights to assert any and all defenses to the First Amended Complaint.

34. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because the action was pending in Sacramento County Superior Court.

35. No prior application for the same or similar relief has been made to this or any other court.

### THE COURT HAS FEDERAL QUESTION JURISDICTION

36. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one that may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441, because of federal

question jurisdiction.

37. 28 U.S.C. § 1441(a) provides for removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." And the United States Supreme Court, as well as the Ninth Circuit, have held that there is federal question jurisdiction pursuant to 28 U.S.C. § 1331 where the complaint expressly alleges a federal claim, which a claim under 42 U.S.C § 1983 is. *See Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003); *Poulos v. Caesars World, Inc.*, 379 F.3d 654, 662 (9th Cir. 2004).

38. Here, Plaintiffs have raised a federal question by expressly alleging that Defendant violated their rights under (1) the United States Constitution, (2) the Federal Voting Rights Act, and 42 U.S.C. § 1983, and bringing causes of action against Defendant under those laws and constitutional provisions. *See e.g.* Ex. AE at ¶¶ 70–79, 86–90, 97–99; *see also id.* at ¶9 ("The Council has literally made a federal case out of what should have been a collaborative effort . . . .").

39. Plaintiffs' First Amended Complaint alleges sufficient facts to establish that Plaintiffs have Article III standing. *See* Ex. AE at ¶¶ 10, 11  45–48, 70–79, 86–90, 97–103, Prayer for Relief ¶¶ 5,[1] 6–7 (alleging that Plaintiffs Hari Shetty and Kavita Sood are members of protected class (persons of Asian-American Heritage) and that the challenged actions of the City of Folsom result in "intentional dilution of minority voters" and that this harm would be remedied by the relief sought).

40. Accordingly, because Plaintiffs have brought claims against Defendant under 42 U.S.C. § 1983, the Federal Voting Rights Act, and the United States Constitution, federal question jurisdiction exists as required by 28 U.S.C. § 1331 and 28 U.S.C. § 1441.

---

[1] The first paragraph five at page 23, lines 16–19, Plaintiffs' prayer for relief includes two paragraphs numbered as paragraph five.

# CONCLUSION

1. As set forth above, federal question jurisdiction exists based on the allegations and federal claim set forth in the First Amended Complaint.

2. WHEREFORE, Defendant hereby removes the state court action to this Honorable Court. Should any question arise as to the propriety of this removal, Defendant respectfully requests an opportunity to provide briefing and oral argument.

3. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the clerk of the state court action. Defendant will also provide written notice to Plaintiffs and will file with this Court a certificate of service of such notice.

Dated: March 22, 2022   BEST BEST & KRIEGER LLP

By: */s/ Jeffrey V. Dunn*
JEFFREY V. DUNN
DANIEL L. RICHARDS

Attorneys for Defendant
CITY OF FOLSOM

Dated: March 22, 2022   CITY OF FOLSOM

By: */s/ Steven Wang*
STEVEN WANG
SARI MYERS DIERKING

Attorneys for Defendant
CITY OF FOLSOM