# EXHIBIT F

STEVEN WANG, State Bar No. 191168
City Attorney
SARI MYERS DIERKING, State Bar No. 226805
Assistant City Attorney
City of Folsom
50 Natoma Street
Folsom, CA 95630
Telephone: (916) 461-6025
Facsimile: (916) 351-0536

Attorneys for Defendant
CITY OF FOLSOM

**FILED/ENDORSED**

**FEB 1 6 2021**

By: _____ A. Macias _____
(Filing Fee Exempt - Gov. Code § 6103)

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SACRAMENTO

| | |
|---|---|
| HARI SHETTY, KAVITA SOOD, and NEIGHBORHOOD ELECTIONS NOW<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF FOLSOM, *et al.*,<br><br>Defendants. | Case No. 34-2020-00291639<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF CITY OF FOLSOM'S DEMURRER TO PLAINTIFFS' COMPLAINT**<br><br>Date:   June 10, 2021<br>Time:   1:30 p.m.<br>Dept.:   53<br>Judge:  Hon. David I. Brown<br><br>Reservation No.: 2550176<br><br>Complaint Filed: January 5, 2021 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Evidence Code sections 452 and 453, moving party City of Folsom hereby requests that the Court take judicial notice of the following:

1. *Governor Newsom's March 4, 2020 Proclamation of State of Emergency*. A true and correct copy of Governor Newsom's March 4, 2020 Proclamation of State of Emergency related to the COVID-19 pandemic is attached hereto as **Exhibit 1**.

- 1 -

2. *Governor Newsom's **Executive Order N-34-20***. A true and correct copy of Executive Order N-34-20 is attached hereto as **Exhibit 2.**

3. *Governor Newsom's **Executive Order N-48-20***. A true and correct copy of Executive Order N-48-20 is attached hereto as **Exhibit 3.**

4. *California Governor's Website:*

   a. www.gov.ca.gov/category/proclamations/: Governor Newsom's March 4, 2020 Proclamation of State of Emergency remains in effect and has not been terminated. (*See also*, Declaration of Sari Myers Dierking, filed herewith, at ¶ 5.)

   b. www.gov.ca.gov/category/executive-orders/: Executive Order N-48-20, and its suspension of the timeframes set forth in Elections Code section 10010, subdivision (e), remains in effect. (*See also*, Declaration of Sari Myers Dierking, filed herewith, at ¶ 6.)

5. *Governor Newsom's **Executive Order N-29-20.*** A true and correct copy of Executive Order N-29-20 is attached hereto as **Exhibit 4.**

6. *Sacramento County Website: Local Election Results*. A true and correct copy of the Sacramento County website showing the local election results from the November 3, 2020 general election is attached hereto as **Exhibit 5.** Results for the City of Folsom City Council election are contained on page 2. The web address used to find this document is: www.results.saccounty.net.

7. *The **Adopted Charter of the City of Folsom, Article II, Section 2.01***. A true and correct copy of the Adopted Charter of the City of Folsom, Article II, Section 2.01 is attached hereto as **Exhibit 6**.

8. *California Department of Public Health's **December 3, 2020 Regional Stay at Home Order***. A true and correct copy of the California Department of Public Health's December 3, 2020 Regional Stay at Home Order is attached hereto as **Exhibit 7.**

The City of Folsom's request that this Court take judicial notice of the documents listed in paragraphs 1 – 3, 5, and 8 is made pursuant to Evidence Code section 452(c), which

-2-

1    provides that judicial notice may be taken of the official acts of the executive department of

2    the State of California.  (Evidence Code § 452(c).)

3          The City of Folsom's request that this Court take judicial notice of the information

4    listed in paragraphs 4(a)-(b) and 6 is made pursuant to Evidence Code section 452(h), which

5    provides that judicial notice may be taken of facts and propositions that are not reasonably

6    subject to dispute and are capable of immediate and accurate determination by resort to

7    sources of reasonably indisputable accuracy.  (Evidence Code § 452(h).)

8          The City of Folsom's request that this Court take judicial notice of the information

9    listed in paragraph 7 is made pursuant to Evidence Code section 452(b), which provides that

10    judicial notice may be taken of the regulations and legislative enactments issued by or under

11    the authority of any public entity in the United States.  (Evidence Code § 452(b).)

12          A request for judicial notice shall be granted where the request gives each adverse

13    party sufficient notice of the request and furnishes the Court with sufficient information to

14    enable it to take judicial notice of the matter of which notice is requested.  (Evidence Code §

15    453.)

16          Therefore, and for the foregoing reasons, the City of Folsom respectfully requests that

17    the Court grant its request for judicial notice in its entirety.

18

19    Dated: February 12, 2021

20                        SARI MYERS DIERKING

                          Assistant City Attorney

21                        Attorney for Defendant, CITY OF FOLSOM

22

23

24

25

26

27

28

- 3 -

# EXHIBIT 1

# EXECUTIVE DEPARTMENT
# STATE OF CALIFORNIA

### PROCLAMATION OF A STATE OF EMERGENCY

**WHEREAS** in December 2019, an outbreak of respiratory illness due to a novel coronavirus (a disease now known as COVID-19), was first identified in Wuhan City, Hubei Province, China, and has spread outside of China, impacting more than 75 countries, including the United States; and

**WHEREAS** the State of California has been working in close collaboration with the national Centers for Disease Control and Prevention (CDC), with the United States Health and Human Services Agency, and with local health departments since December 2019 to monitor and plan for the potential spread of COVID-19 to the United States; and

**WHEREAS** on January 23, 2020, the CDC activated its Emergency Response System to provide ongoing support for the response to COVID-19 across the country; and

**WHEREAS** on January 24, 2020, the California Department of Public Health activated its Medical and Health Coordination Center and on March 2, 2020, the Office of Emergency Services activated the State Operations Center to support and guide state and local actions to preserve public health; and

**WHEREAS** the California Department of Public Health has been in regular communication with hospitals, clinics and other health providers and has provided guidance to health facilities and providers regarding COVID-19; and

**WHEREAS** as of March 4, 2020, across the globe, there are more than 94,000 confirmed cases of COVID-19, tragically resulting in more than 3,000 deaths worldwide; and

**WHEREAS** as of March 4, 2020, there are 129 confirmed cases of COVID-19 in the United States, including 53 in California, and more than 9,400 Californians across 49 counties are in home monitoring based on possible travel-based exposure to the virus, and officials expect the number of cases in California, the United States, and worldwide to increase; and

**WHEREAS** for more than a decade California has had a robust pandemic influenza plan, supported local governments in the development of local plans, and required that state and local plans be regularly updated and exercised; and

**WHEREAS** California has a strong federal, state and local public health and health care delivery system that has effectively responded to prior events including the H1N1 influenza virus in 2009, and most recently Ebola; and

**WHEREAS** experts anticipate that while a high percentage of individuals affected by COVID-19 will experience mild flu-like symptoms, some will have more serious symptoms and require hospitalization, particularly individuals who are elderly or already have underlying chronic health conditions; and

**WHEREAS** it is imperative to prepare for and respond to suspected or confirmed COVID-19 cases in California, to implement measures to mitigate the spread of COVID-19, and to prepare to respond to an increasing number of individuals requiring medical care and hospitalization; and

**WHEREAS** if COVID-19 spreads in California at a rate comparable to the rate of spread in other countries, the number of persons requiring medical care may exceed locally available resources, and controlling outbreaks minimizes the risk to the public, maintains the health and safety of the people of California, and limits the spread of infection in our communities and within the healthcare delivery system; and

**WHEREAS** personal protective equipment (PPE) is not necessary for use by the general population but appropriate PPE is one of the most effective ways to preserve and protect California's healthcare workforce at this critical time and to prevent the spread of COVID-19 broadly; and

**WHEREAS** state and local health departments must use all available preventative measures to combat the spread of COVID-19, which will require access to services, personnel, equipment, facilities, and other resources, potentially including resources beyond those currently available, to prepare for and respond to any potential cases and the spread of the virus; and

**WHEREAS** I find that conditions of Government Code section 8558(b), relating to the declaration of a State of Emergency, have been met; and

**WHEREAS** I find that the conditions caused by COVID-19 are likely to require the combined forces of a mutual aid region or regions to appropriately respond; and

**WHEREAS** under the provisions of Government Code section 8625(c), I find that local authority is inadequate to cope with the threat posed by COVID-19; and

**WHEREAS** under the provisions of Government Code section 8571, I find that strict compliance with various statutes and regulations specified in this order would prevent, hinder, or delay appropriate actions to prevent and mitigate the effects of the COVID-19.

**NOW, THEREFORE, I, GAVIN NEWSOM,** Governor of the State of California, in accordance with the authority vested in me by the State Constitution and statutes, including the California Emergency Services Act, and in particular, Government Code section 8625, **HEREBY PROCLAIM A STATE OF EMERGENCY** to exist in California.

**IT IS HEREBY ORDERED THAT:**

1. In preparing for and responding to COVID-19, all agencies of the state government use and employ state personnel, equipment, and facilities or perform any and all activities consistent with the direction of the Office of Emergency Services and the State Emergency Plan, as well as the California Department of Public Health and the Emergency Medical Services Authority. Also, all residents are to heed the advice of emergency officials with regard to this emergency in order to protect their safety.

2. As necessary to assist local governments and for the protection of public health, state agencies shall enter into contracts to arrange for the procurement of materials, goods, and services needed to assist in preparing for, containing, responding to, mitigating the effects of, and recovering from the spread of COVID-19. Applicable provisions of the Government Code and the Public Contract Code, including but not limited to travel, advertising, and competitive bidding requirements, are suspended to the extent necessary to address the effects of COVID-19.

3. Any out-of-state personnel, including, but not limited to, medical personnel, entering California to assist in preparing for, responding to, mitigating the effects of, and recovering from COVID-19 shall be permitted to provide services in the same manner as prescribed in Government Code section 179.5, with respect to licensing and certification. Permission for any such individual rendering service is subject to the approval of the Director of the Emergency Medical Services Authority for medical personnel and the Director of the Office of Emergency Services for non-medical personnel and shall be in effect for a period of time not to exceed the duration of this emergency.

4. The time limitation set forth in Penal Code section 396, subdivision (b), prohibiting price gouging in time of emergency is hereby waived as it relates to emergency supplies and medical supplies. These price gouging protections shall be in effect through September 4, 2020.

5. Any state-owned properties that the Office of Emergency Services determines are suitable for use to assist in preparing for, responding to, mitigating the effects of, or recovering from COVID-19 shall be made available to the Office of Emergency Services for this purpose, notwithstanding any state or local law that would restrict, delay, or otherwise inhibit such use.

6. Any fairgrounds that the Office of Emergency Services determines are suitable to assist in preparing for, responding to, mitigating the effects of, or recovering from COVID-19 shall be made available to the Office of Emergency Services pursuant to the Emergency Services Act, Government Code section 8589. The Office of Emergency Services shall notify the fairgrounds of the intended use and can immediately use the fairgrounds without the fairground board of directors' approval, and

notwithstanding any state or local law that would restrict, delay, or otherwise inhibit such use.

7. The 30-day time period in Health and Safety Code section 101080, within which a local governing authority must renew a local health emergency, is hereby waived for the duration of this statewide emergency. Any such local health emergency will remain in effect until each local governing authority terminates its respective local health emergency.

8. The 60-day time period in Government Code section 8630, within which local government authorities must renew a local emergency, is hereby waived for the duration of this statewide emergency. Any local emergency proclaimed will remain in effect until each local governing authority terminates its respective local emergency.

9. The Office of Emergency Services shall provide assistance to local governments that have demonstrated extraordinary or disproportionate impacts from COVID-19, if appropriate and necessary, under the authority of the California Disaster Assistance Act, Government Code section 8680 et seq., and California Code of Regulations, Title 19, section 2900 et seq.

10. To ensure hospitals and other health facilities are able to adequately treat patients legally isolated as a result of COVID-19, the Director of the California Department of Public Health may waive any of the licensing requirements of Chapter 2 of Division 2 of the Health and Safety Code and accompanying regulations with respect to any hospital or health facility identified in Health and Safety Code section 1250. Any waiver shall include alternative measures that, under the circumstances, will allow the facilities to treat legally isolated patients while protecting public health and safety. Any facilities being granted a waiver shall be established and operated in accordance with the facility's required disaster and mass casualty plan. Any waivers granted pursuant to this paragraph shall be posted on the Department's website.

11. To support consistent practices across California, state departments, in coordination with the Office of Emergency Services, shall provide updated and specific guidance relating to preventing and mitigating COVID-19 to schools, employers, employees, first responders and community care facilities by no later than March 10, 2020.

12. To promptly respond for the protection of public health, state entities are, notwithstanding any other state or local law, authorized to share relevant medical information, limited to the patient's underlying health conditions, age, current condition, date of exposure, and possible contact tracing, as necessary to address the effect of the COVID-19 outbreak with state, local, federal, and nongovernmental partners, with such information to be used for the limited purposes of monitoring, investigation and control, and treatment and coordination of care. The

notification requirement of Civil Code section 1798.24,
subdivision (i), is suspended.

13. Notwithstanding Health and Safety Code sections 1797.52 and
1797.218, during the course of this emergency, any EMT-P
licensees shall have the authority to transport patients to
medical facilities other than acute care hospitals when
approved by the California EMS Authority. In order to carry out
this order, to the extent that the provisions of Health and Safety
Code sections 1797.52 and 1797.218 may prohibit EMT-P
licensees from transporting patients to facilities other than acute
care hospitals, those statutes are hereby suspended until the
termination of this State of Emergency.

14. The Department of Social Services may, to the extent the
Department deems necessary to respond to the threat of
COVID-19, waive any provisions of the Health and Safety Code
or Welfare and Institutions Code, and accompanying
regulations, interim licensing standards, or other written policies
or procedures with respect to the use, licensing, or approval of
facilities or homes within the Department's jurisdiction set forth in
the California Community Care Facilities Act (Health and Safety
Code section 1500 et seq.), the California Child Day Care
Facilities Act (Health and Safety Code section 1596.70 et seq.),
and the California Residential Care Facilities for the Elderly Act
(Health and Safety Code section 1569 et seq.). Any waivers
granted pursuant to this paragraph shall be posted on the
Department's website.

I **FURTHER DIRECT** that as soon as hereafter possible, this
proclamation be filed in the Office of the Secretary of State and that
widespread publicity and notice be given of this proclamation.

**IN WITNESS WHEREOF** I have
hereunto set my hand and caused
the Great Seal of the State of
California to be affixed this 4th day
of March 2020.

GAVIN NEWSOM
Governor of California

**ATTEST:**

ALEX PADILLA
Secretary of State

# EXHIBIT 2

EXECUTIVE DEPARTMENT
STATE OF CALIFORNIA

### EXECUTIVE ORDER N-34-20

**WHEREAS** on March 4, 2020, I proclaimed a State of Emergency to exist in California as a result of the threat of COVID-19; and

**WHEREAS** hundreds of local governments across the state have also declared states of emergency, imposed or recommended social distancing, and taken other significant steps in response to COVID-19; and

**WHEREAS** various political subdivisions within California are in the process of changing from an at-large method of election to district elections, existing law requires public hearings to be conducted within prescribed timeframes as part of this change, and conducting such hearings within these timeframes would be incongruent with public health officials' guidance regarding social distancing; and

**WHEREAS** California held a Presidential Primary Election on March 3, 2020, for which ballot counting, tabulation, and other responsibilities related to the official canvass, including certification of the canvass, audits and/or manual tallies of election results, and reporting of the official canvass results, remain outstanding or ongoing; and

**WHEREAS** COVID-19 and the response thereto may impair the ability of relevant state and local officials, including county elections officials and the Secretary of State, and the volunteers supporting them, to meet statutory deadlines associated with these responsibilities; and

**WHEREAS** on November 15, 2019, I proclaimed a Special General Election to be held on May 12, 2020, to fill a vacancy in the State Senate seat representing the 28th Senate District of the State, in Riverside County; and

**WHEREAS** on November 15, 2019, I proclaimed a Special General Election to be held on May 12, 2020, to fill a vacancy in the U.S. House of Representatives seat representing the 25th Congressional District of the State, which covers portions of the counties of Ventura and Los Angeles; and

**WHEREAS** on April 7, 2020, a Special Recall Election will be held in the City of Westminster, in the County of Orange; and

**WHEREAS** state law would ordinarily require that these elections be conducted using in-person voting at polling locations throughout the jurisdiction; and

**WHEREAS** the generalized use of in-person voting presents risks to public health and safety in light of the COVID-19 pandemic, and could risk undermining social distancing measures imposed by the State Public Health Officer, as well as other aspects of the response to COVID-19; and

**WHEREAS** our elections must be accessible, secure, and safe; and

**WHEREAS** California's existing vote-by-mail procedures can be used to allow these three elections to go forward in a manner that is accessible, secure, and safe.

**NOW, THEREFORE, I, GAVIN NEWSOM,** Governor of the State of California, in accordance with the authority vested in me by the State Constitution and statutes of the State of California, and in particular, Government Code sections 8567 and 8571, do hereby issue the following Order to become effective immediately:

**IT IS HEREBY ORDERED THAT:**

1) The timeframes for conducting the hearings required when a political subdivision changes from an at-large method of election to a district-based election, as set forth in Elections Code section 10010, are suspended for any subdivision, until such time as neither state nor local public health officials recommend or impose social distancing measures in the relevant subdivision. Following that time, the relevant subdivision shall hold the required hearings in a manner that ensures the public is provided advance notice and is afforded an opportunity to participate in the postponed hearings; subdivisions are urged to ensure that this process includes effective outreach to individuals with disabilities, individuals who primarily speak languages other than English, and other individuals who may have particularized needs.

2) Notwithstanding Elections Code sections 3019, 15100–15112, 15300–15376, 15400–15402, 15450–15490, and 15500–15505; California Code of Regulations, Title 2, sections 20027, 20108.75, 20108.8, and 20110–20126; and any other applicable provision of state law, all deadlines associated with completing, auditing, and reporting on the official canvass of the March 3, 2020, Presidential Primary Election are extended by 21 days. Counties are urged to complete activities related to the official canvass according to the deadlines ordinarily imposed by state law, to the extent possible. The Secretary of State is requested to issue guidance to county elections officials concerning compliance with this paragraph.

3) Notwithstanding Elections Code sections 1500 and 4000–4007 (including, but not limited to, the conditions otherwise imposed on all-mail ballot elections in Election Code section 4000 and 4001.5), and any other applicable provision of state law, the April 7, 2020, Special Recall Election to be held in the City of Westminster; the May 12, 2020, Special General Election to be held within the 25th Congressional District of the State; and the May 12, 2020, Special General Election to be held within the 28th Senate District of the State shall each be held as an all-mail ballot election and conducted according to those provisions of the Elections Code that govern all-mail ballot elections, including but not limited to Elections Code sections 3000–3026 and 4100. The respective county elections officials responsible for conducting each respective election shall transmit vote-by-mail ballots to all voters eligible to vote in each respective election. Notwithstanding the other provisions of this Order, elections officials are

also authorized, and encouraged, to make in-person voting opportunities available on or before Election Day for each of these elections in a manner consistent with public health and safety, to maximize voter accessibility. Elections officials shall provide maximum possible notice to voters about how to participate in each of these elections, paying particular attention to the needs of voters at high risk from COVID-19, individuals with disabilities, and other voters with particularized needs.

4) Notwithstanding Elections Code sections 3019, 15100–15112, 15300–15376, 15400–15402, 15450–15490, and 15500–15505; California Code of Regulations, Title 2, sections 20027, 20108.75, 20108.8, and 20110–20126; and any other applicable provision of state law including, but not limited to, any applicable state regulation, all deadlines associated with completing, auditing, and reporting on the official canvass of the May 12, 2020, Special General Elections to be held within the 25th Congressional District of the State and the 28th Senate District of the State are extended by 21 days. Counties are urged to complete activities related to the official canvass according to the deadlines ordinarily imposed by state law, to the extent possible. The Secretary of State is requested to issue guidance to county elections officials concerning compliance with this paragraph.

**IT IS FURTHER ORDERED** that as soon as hereafter possible, this Order be filed in the Office of the Secretary of State and that widespread publicity and notice be given of this Order.

This Order is not intended to, and does not, create any rights or benefits, substantive or procedural, enforceable at law or in equity, against the State of California, its agencies, departments, entities, officers, employees, or any other person.

**IN WITNESS WHEREOF** I have hereunto set my hand and caused the Great Seal of the State of California to be affixed this 20th day of March 2020.

GAVIN NEWSOM
Governor of California

**ATTEST:**

ALEX PADILLA
Secretary of State

# EXHIBIT 3

EXECUTIVE DEPARTMENT
STATE OF CALIFORNIA

**EXECUTIVE ORDER N-48-20**

**WHEREAS** on March 4, 2020, I proclaimed a State of Emergency to exist in California as a result of the threat of COVID-19; and

**WHEREAS** on March 19, 2020, I issued Executive Order N-33-20, directing all Californians to heed State Public Health Officer directives requiring them to stay home except for essential needs; and

**WHEREAS** local governments throughout the State have also proclaimed local emergencies, imposed stay-at-home orders and other forms of physical distancing, and taken other significant steps in response to COVID-19; and

**WHEREAS** on May 19, 2020, a Special Recall Election will be held in the City of Santa Ana, in the County of Orange; and

**WHEREAS** on June 2, 2020, a Special Municipal Election will be held in the City of Commerce, in the County of Los Angeles; and

**WHEREAS** on June 2, 2020, a Special Recall Election will be held in the El Rancho Unified School District, in the County of Los Angeles; and

**WHEREAS** state law would ordinarily require that these elections be conducted using in-person voting at polling locations throughout the jurisdiction; and

**WHEREAS** the generalized use of in-person voting presents risks to public health and safety in light of the COVID-19 pandemic, and risks undermining physical distancing measures imposed by the State Public Health Officer, as well as other aspects of the response to COVID-19; and

**WHEREAS** our elections must be accessible, secure, and safe; and

**WHEREAS** California's existing vote-by-mail procedures can be used to allow these elections to go forward in a manner that is accessible, secure, and safe; and

**WHEREAS** various political subdivisions of the State have been in the process of changing from an at-large method of election to district-based elections, requiring a series of public hearings, which are intended to be conducted before the expiration of a safe-harbor provision under Elections Code section 10010; and

**WHEREAS** on March 20, 2020, I issued Executive Order N-34-20, which suspended the timeframes for conducting these public hearings; and

**WHEREAS** uncertainty regarding Elections Code section 10010 could nevertheless induce political subdivisions to hold these public hearings in the near future—at a time when public health requires that Californians stay home except for essential needs, and otherwise engage in physical distancing, to minimize the spread of COVID-19; and

**WHEREAS** holding these hearings in the near future—at a time when public health requires that Californians stay home except for essential needs—would threaten public health and safety, and would force Californians to choose between fully participating in their democratic process and safeguarding their own health and safety, as well as the health and safety of their communities; and

**WHEREAS** under the provisions of Government Code section 8571, I find that strict compliance with various statutes specified in this order would prevent, hinder, or delay appropriate actions to prevent and mitigate the effects of the COVID-19 pandemic.

**NOW, THEREFORE, I, GAVIN NEWSOM,** Governor of the State of California, in accordance with the authority vested in me by the State Constitution and statutes of the State of California, and in particular, Government Code sections 8567, 8571, and 8627, do hereby issue the following Order to become effective immediately:

**IT IS HEREBY ORDERED THAT:**

1) Notwithstanding Elections Code sections 1500 and 4000–4007 (including, but not limited to, the conditions otherwise imposed on all-mail ballot elections in Elections Code sections 4000 and 4001.5), and any other applicable provision of state law, the following elections shall each be held as an all-mail ballot election:

   - The May 19, 2020, Special Recall Election to be held in the City of Santa Ana;

   - The June 2, 2020, Special Municipal Election to be held in the City of Commerce; and

   - The June 2, 2020, Special Recall Election to be held in the El Rancho Unified School District.

   Each of these elections shall be conducted according to the provisions of the Elections Code that govern all-mail ballot elections, including but not limited to Elections Code sections 3000–3026 and 4100. The respective county elections officials responsible for conducting each respective election shall transmit vote-by-mail ballots to all voters eligible to vote in each respective election.

   Notwithstanding any other provision of this Order, elections officials are also authorized to make in-person voting opportunities available for each of these elections, on or before Election Day, in a manner that is consistent with public health and safety. The purpose of this authorization is to maximize voter opportunities to participate in these elections without jeopardizing public health and safety.

   Elections officials shall provide maximum possible notice to voters about how to participate in each of these elections, paying particular attention to the needs of voters at high risk from COVID-19, individuals with disabilities, and other voters with particularized needs.

2) To clarify the scope of Paragraph 1 of Executive Order N-34-20, (March 20, 2020), without changing its effective date, that paragraph is modified to read as follows:

The timeframes set forth in Elections Code section 10010, subdivisions (a) and (e), are suspended as to any political subdivision of the State. The purpose of this suspension is to protect public health and safety during the period when the State Public Health Officer and other public health officials have determined that it is necessary to engage in physical distancing to minimize the spread of COVID-19. This suspension shall be in effect until further notice.

This paragraph pauses the timeframes set forth in Elections Code section 10010, subdivisions (a) and (e), but does not restart them: this paragraph should be construed to toll those timeframes, such that days elapsed during the suspension set forth in this paragraph are not counted, but any days that elapsed prior to that suspension are still counted.

This paragraph shall not preclude a prospective plaintiff obtaining reimbursement from a political subdivision under subdivision (f) of Elections Code section 10010, in the manner set forth in that subdivision.

**IT IS FURTHER ORDERED** that as soon as hereafter possible, this Order be filed in the Office of the Secretary of State and that widespread publicity and notice be given of this Order.

This Order is not intended to, and does not, create any rights or benefits, substantive or procedural, enforceable at law or in equity, against the State of California, its agencies, departments, entities, officers, employees, or any other person.

> **IN WITNESS WHEREOF** I have hereunto set my hand and caused the Great Seal of the State of California to be affixed this 9th day of April 2020.
>
>
> **GAVIN NEWSOM**
> Governor of California

**ATTEST:**

_____

ALEX PADILLA
Secretary of State

# EXHIBIT 4

EXECUTIVE DEPARTMENT
STATE OF CALIFORNIA

**EXECUTIVE ORDER N-29-20**

**WHEREAS** on March 4, 2020, I proclaimed a State of Emergency to exist in California as a result of the threat of COVID-19; and

**WHEREAS** despite sustained efforts, the virus continues to spread and is impacting nearly all sectors of California; and

**WHEREAS** the threat of COVID-19 has resulted in serious and ongoing economic harms, in particular to some of the most vulnerable Californians; and

**WHEREAS** time bound eligibility redeterminations are required for Medi-Cal, CalFresh, CalWORKs, Cash Assistance Program for Immigrants, California Food Assistance Program, and In Home Supportive Services beneficiaries to continue their benefits, in accordance with processes established by the Department of Social Services, the Department of Health Care Services, and the Federal Government; and

**WHEREAS** social distancing recommendations or Orders as well as a statewide imperative for critical employees to focus on health needs may prevent Medi-Cal, CalFresh, CalWORKs, Cash Assistance Program for Immigrants, California Food Assistance Program, and In Home Supportive Services beneficiaries from obtaining in-person eligibility redeterminations; and

**WHEREAS** under the provisions of Government Code section 8571, I find that strict compliance with various statutes and regulations specified in this order would prevent, hinder, or delay appropriate actions to prevent and mitigate the effects of the COVID-19 pandemic.

**NOW, THEREFORE, I, GAVIN NEWSOM,** Governor of the State of California, in accordance with the authority vested in me by the State Constitution and statutes of the State of California, and in particular, Government Code sections 8567 and 8571, do hereby issue the following order to become effective immediately:

**IT IS HEREBY ORDERED THAT:**

1. As to individuals currently eligible for benefits under Medi-Cal, CalFresh, CalWORKs, the Cash Assistance Program for Immigrants, the California Food Assistance Program, or In Home Supportive Services benefits, and to the extent necessary to allow such individuals to maintain eligibility for such benefits, any state law, including but not limited to California Code of Regulations, Title 22, section 50189(a) and Welfare and Institutions Code sections 18940 and 11265, that would require redetermination of such benefits is suspended for a period of 90 days from the date of this Order. This Order shall be construed to be consistent with applicable federal laws, including but not limited to Code of Federal Regulations, Title 42, section 435.912, subdivision (e), as interpreted by the Centers for Medicare and Medicaid Services (in guidance issued on January 30, 2018) to permit the extension of

otherwise-applicable Medicaid time limits in emergency situations;

2. Through June 17, 2020, any month or partial month in which California Work Opportunity and Responsibility to Kids (CalWORKs) aid or services are received pursuant to Welfare and Institutions Code Section 11200 et seq. shall not be counted for purposes of the 48-month time limit set forth in Welfare an Institutions Code Section 11454. Any waiver of this time limit shall not be applied if it will exceed the federal time limits set forth in Code of Federal Regulations, Title 45, section 264.1.

3. Paragraph 11 of Executive Order N-25-20 (March 12, 2020) is withdrawn and superseded by the following text:

Notwithstanding any other provision of state or local law (including, but not limited to, the Bagley-Keene Act or the Brown Act), and subject to the notice and accessibility requirements set forth below, a local legislative body or state body is authorized to hold public meetings via teleconferencing and to make public meetings accessible telephonically or otherwise electronically to all members of the public seeking to observe and to address the local legislative body or state body. All requirements in both the Bagley-Keene Act and the Brown Act expressly or impliedly requiring the physical presence of members, the clerk or other personnel of the body, or of the public as a condition of participation in or quorum for a public meeting are hereby waived.

In particular, any otherwise-applicable requirements that

(i) state and local bodies notice each teleconference location from which a member will be participating in a public meeting;

(ii) each teleconference location be accessible to the public;

(iii) members of the public may address the body at each teleconference conference location;

(iv) state and local bodies post agendas at all teleconference locations;

(v) at least one member of the state body be physically present at the location specified in the notice of the meeting; and

(vi) during teleconference meetings, a least a quorum of the members of the local body participate from locations within the boundaries of the territory over which the local body exercises jurisdiction

are hereby suspended.

A local legislative body or state body that holds a meeting via teleconferencing and allows members of the public to observe and address the meeting telephonically or otherwise electronically, consistent with the notice and accessibility requirements set forth below, shall have satisfied any requirement that the body allow

members of the public to attend the meeting and offer public comment. Such a body need not make available any physical location from which members of the public may observe the meeting and offer public comment.

Accessibility Requirements: If a local legislative body or state body holds a meeting via teleconferencing and allows members of the public to observe and address the meeting telephonically or otherwise electronically, the body shall also:

(i)  Implement a procedure for receiving and swiftly resolving requests for reasonable modification or accommodation from individuals with disabilities, consistent with the Americans with Disabilities Act and resolving any doubt whatsoever in favor of accessibility; and

(ii)  Advertise that procedure each time notice is given of the means by which members of the public may observe the meeting and offer public comment, pursuant to subparagraph (ii) of the Notice Requirements below.

Notice Requirements: Except to the extent this Order expressly provides otherwise, each local legislative body and state body shall:

(i)  Give advance notice of the time of, and post the agenda for, each public meeting according to the timeframes otherwise prescribed by the Bagley-Keene Act or the Brown Act, and using the means otherwise prescribed by the Bagley-Keene Act or the Brown Act, as applicable; and

(ii)  In each instance in which notice of the time of the meeting is otherwise given or the agenda for the meeting is otherwise posted, also give notice of the means by which members of the public may observe the meeting and offer public comment. As to any instance in which there is a change in such means of public observation and comment, or any instance prior to the issuance of this Order in which the time of the meeting has been noticed or the agenda for the meeting has been posted without also including notice of such means, a body may satisfy this requirement by advertising such means using "the most rapid means of communication available at the time" within the meaning of Government Code, section 54954, subdivision (e); this shall include, but need not be limited to, posting such means on the body's Internet website.

All of the foregoing provisions concerning the conduct of public meetings shall apply only during the period in which state or local public health officials have imposed or recommended social distancing measures.

All state and local bodies are urged to use sound discretion and to make reasonable efforts to adhere as closely as reasonably possible to the provisions of the Bagley-Keene Act and the Brown Act, and other applicable local laws regulating the conduct of public meetings, in order to maximize transparency and provide the public access to their meetings.

**IT IS FURTHER ORDERED** that as soon as hereafter possible, this Order be filed in the Office of the Secretary of State and that widespread publicity and notice be given of this Order.

This Order is not intended to, and does not, create any rights or benefits, substantive or procedural, enforceable at law or in equity, against the State of California, its agencies, departments, entities, officers, employees, or any other person.

**IN WITNESS WHEREOF** I have hereunto set my hand and caused the Great Seal of the State of California to be affixed this 17th day of March 2020.

GAVIN NEWSOM
Governor of California

**ATTEST:**

ALEX PADILLA
Secretary of State

# EXHIBIT 5



MY TRACKED     EXPORT
CONTESTS

HOME

OFFICIAL
## 2020
GENERAL
ELECTION
NOVEMBER 3,
2020

**VOTER TURNOUT**
Registered Voters
**883,549**
Ballots Counted
**729,569**
Results last
updated:
12/1/2020 9:44:32 AM PT

November 3, 2020 Presidential General Election
Estimated number of ballots left to process

Final



82.57%

**PRECINCTS
REPORTED**



100.0%

Next Update
N/A

# CITY OF SACRAMENTO COUNCIL DISTRICT 2

**Follow this contest**          **23 OUT OF 23 PRECINCTS REPORTING**          **EXPORT**

SEAN LOLOEE
Non-Partisan                                    56%

10,166

ALLEN WARREN
Non-Partisan                     43%

7,878

WRITE-IN                     0%

0

**TOTAL VOTES**   | 18,044 |

MAP          PRECINCT RESULTS

# CITY OF SACRAMENTO COUNCIL DISTRICT 8

**Follow this contest**          **20 OUT OF 20 PRECINCTS REPORTING**          **EXPORT**

MAI VANG
Non-Partisan                                    52%

10,225

LES SIMMONS

Non-Partisan

47%

**9,386**

WRITE-IN

0%

0

TOTAL VOTES | 19,611

MAP          PRECINCT RESULTS

# CITY OF FOLSOM CITY COUNCIL (2)

**Follow this contest**                     **32 OUT OF 32 PRECINCTS**          **EXPORT**
                                            **REPORTING**

YK CHALAMCHERLA
Non-Partisan                                24%

**15,962**

ROSARIO RODRIGUEZ
Non-Partisan                                22%

**15,169**

MARK MOORE
Non-Partisan                                16%

**11,154**

JUSTIN RAITHEL
Non-Partisan                                12%

**8,038**

JAYA BADIGA
Non-Partisan                                12%

**8,008**

JUSTIN SANDERS
Non-Partisan                                10%

**6,779**

JANINE BEDLEY
Non-Partisan                                1%

**1,095**

WRITE-IN
                                            0%

0

TOTAL VOTES | 66,205

MAP          PRECINCT RESULTS

# CITY OF GALT CITY COUNCIL (2)

**Follow this contest**

**10 OUT OF 10 PRECINCTS REPORTING**

**EXPORT**

JAY VANDENBURG
Non-Partisan

31%

**5,082**

KEVIN PAPINEAU
Non-Partisan

25%

**4,241**

KAMI MARTIN
Non-Partisan

19%

**3,127**

RANDY MORTON
Non-Partisan

13%

**2,240**

KEITH JONES
Non-Partisan

10%

**1,635**

WRITE-IN

0%

**0**

**TOTAL VOTES** | **16,325**

MAP          PRECINCT RESULTS

# GALT CITY CLERK

**Follow this contest**

**10 OUT OF 10 PRECINCTS REPORTING**

**EXPORT**

TINA HUBERT
Non-Partisan

10

**8,751**

WRITE-IN

0%

**0**

**TOTAL VOTES** | **8,751**

MAP          PRECINCT RESULTS

# GALT TREASURER

**Follow this contest**

**10 OUT OF 10 PRECINCTS REPORTING**

**EXPORT**

SHAUN L. FARRELL
Non-Partisan

10

- 081 -

**8,763**

WRITE-IN       0%

0

| | TOTAL VOTES | 8,763 |

MAP     PRECINCT RESULTS

# CITY OF ISLETON CITY COUNCIL (2)

**Follow this contest**     **1 OUT OF 1 PRECINCTS REPORTING**     **EXPORT**

BARBARA DOCKERY       44%
Non-Partisan

187

PAUL STEELE       36%
Non-Partisan

154

ROBERT JANKOVITZ       18%
Non-Partisan

76

WRITE-IN       0%

0

| | TOTAL VOTES | 417 |

MAP     PRECINCT RESULTS

# CITY OF ISLETON CITY CLERK

**Follow this contest**     **1 OUT OF 1 PRECINCTS REPORTING**     **EXPORT**

NO CANDIDATE FILED       0%
Non-Partisan

0

WRITE-IN       0%

0

| | TOTAL VOTES | 0 |

MAP     PRECINCT RESULTS

# CITY OF ISLETON TREASURER

**Follow this contest**     **1 OUT OF 1 PRECINCTS REPORTING**     **EXPORT**

NO CANDIDATE FILED       0%     - 082 -
Non-Partisan

Sacramento County - Election Night Re...

0

WRITE-IN                          0%

0

                                              **TOTAL VOTES**    | 0 |

      MAP          PRECINCT RESULTS

# CITY OF CITRUS HEIGHTS COUNCIL DISTRICT 1

**Follow this contest**          **8 OUT OF 8 PRECINCTS REPORTING**          **EXPORT**

BRET DANIELS                                              62%
Non-Partisan

                 **4,645**

NICOLE CASTOR                          37%
Non-Partisan

                 **2,824**

WRITE-IN             0%

   0

                                              **TOTAL VOTES**    | 7,469 |

      MAP          PRECINCT RESULTS

# CITY OF CITRUS HEIGHTS COUNCIL DISTRICT 3

**Follow this contest**          **10 OUT OF 10 PRECINCTS REPORTING**          **EXPORT**

TIM SCHAEFER                                              61%
Non-Partisan

                 **4,701**

THOMAS GOETZ                          38%
Non-Partisan

                 **2,930**

WRITE-IN             0%

   0

                                              **TOTAL VOTES**    | 7,631 |

      MAP          PRECINCT RESULTS

# CITY OF RANCHO CORDOVA CITY COUNCIL (3)

**Follow this contest**          - 083  **33 OUT OF 33 PRECINCTS REPORTING**          **EXPORT**

Sacramento County 1 Election Night Re...

DAVID SANDER
Non-Partisan

22%

13,470

SIRI PULIPATI
Non-Partisan

19%

12,162

DONALD TERRY
Non-Partisan

19%

12,151

ROBERT J. MCGARVEY
Non-Partisan

15%

9,599

JACK ZWALD
Non-Partisan

14%

8,647

DONALD CHILDS
Non-Partisan

8%

5,095

WRITE-IN

0%

0

TOTAL VOTES | 61,124

MAP    PRECINCT RESULTS

# MAYOR OF ELK GROVE

Follow this contest

66 OUT OF 66 PRECINCTS
REPORTING

EXPORT

BOBBIE SINGH-ALLEN
Non-Partisan

45%

38,341

STEVE LY
Non-Partisan

35%

29,301

BRIAN PASTOR
Non-Partisan

18%

15,784

WRITE-IN

0%

- 084 -

0

Sacramento County 1 Election Night

**TOTAL VOTES** | 83,426 |

MAP          PRECINCT RESULTS

# CITY OF ELK GROVE COUNCIL DISTRICT 1

**Follow this contest**                    **16 OUT OF 16 PRECINCTS**          **EXPORT**
                                                 **REPORTING**

DARREN SUEN                                                            67%
Non-Partisan

                              12,595

---

ALI MOUA                                          32%
Non-Partisan

                       6,105

WRITE-IN                     0%


0

**TOTAL VOTES** | 18,700 |

MAP          PRECINCT RESULTS

# CITY OF ELK GROVE COUNCIL DISTRICT 3

**Follow this contest**                    **14 OUT OF 14 PRECINCTS**          **EXPORT**
                                                 **REPORTING**

KEVIN SPEASE                                       33%
Non-Partisan

                       5,894

---

AMANDEEP SINGH                          20%
Non-Partisan

                 3,596

---

MAUREEN CRAFT                       18%
Non-Partisan

                 3,315

ALEJANDRO GUTIERREZ-            13%
DUNCAN
Non-Partisan

             2,440

LYNN WHEAT                       13%
Non-Partisan

             2,424

WRITE-IN                     0%


0

**TOTAL VOTES** | 17,669 |

MAP          PRECINCT RESULTS

# ELECTION RESOURCES

# EXHIBIT 6

## ARTICLE II. MAYOR AND CITY COUNCIL

**2.01      City Council:**

There shall be a City Council of 5 members elected by the voters of the City at large.

A.      Registered Voters Eligible. Only resident registered voters of the City shall be eligible to hold the office of Councilmember.

B.      Regular Election. The regular election of Councilmembers shall be held on the second Tuesday of November in even-numbered years, in the manner provided by state law.

C.      Councilmember Term. The terms of Councilmembers shall be 4 years and shall begin the second Monday in December following their election and qualification.

D.      Staggered Terms. The terms of Councilmembers shall be staggered, with 3 Councilmembers being elected in 1990 and each 4 years thereafter, and 2 Councilmembers in 1992 and each 4 years thereafter.

E.      Term Limit. A person serving on the City Council may serve no more than 4 consecutive 4-year terms, and thereafter shall be ineligible to hold the office of Councilmember again until 4 consecutive years have passed. For purpose of the term limit, the counting of the term shall start and apply to Councilmembers elected at and after the November 6, 2018 municipal election. (Amended by a vote of the people, Nov. 6, 2018 election).

The Folsom Municipal Code is current through Ordinance 1309, passed October 27, 2020.

- 088 -

# EXHIBIT 7



State of California—Health and Human Services Agency

# California Department of Public Health



SANDRA SHEWRY, MPH, MSW
*Acting Director*
ERICA S. PAN, MD, MPH
*Acting State Health Officer*

GAVIN NEWSOM
*Governor*

### Regional Stay At Home Order
### 12/03/2020

Upon assessment of the recent, unprecedented rise in the rate of increase in COVID-19 cases, hospitalizations, and test positivity rates across California, the California Department of Public Health (CDPH) is taking immediate actions to prevent the spread of the virus.

The State, like the nation, continues to record an unprecedented surge in the level of community spread of COVID-19. California implemented an accelerated application of the Blueprint Framework metrics on November 16 and a limited Stay at Home Order issued on November 19. However, in the interim, the number of new cases per day has increased by over 112%, (from 8,743 to 18,588) and the rate of rise of new cases per day continues to increase dramatically. The number of new hospital admissions has increased from 777 on November 15, to 1,651 on December 2, and because of the lag between case identification and hospitalizations, we can only expect these numbers to increase.

Current projections show that without additional intervention to slow the spread of COVID-19, the number of available adult Intensive Care Unit (ICU) beds in the State of California will be at capacity in mid-December.  This is a sign that the rate of rise in cases, if it continues, is at risk of overwhelming the ability of California hospitals to deliver healthcare to its residents suffering from COVID-19 and from other illnesses requiring hospital care. ICU beds are a critical resource for individuals who need the most advanced support and care and the ability to add additional ICU capacity is limited by the lack of available ICU nurses and physicians as a result of the nationwide surge in hospitalizations and ICU admissions.

Because the rate of increases in new cases continues to escalate and threatens to overwhelm the state's hospital system, further aggressive action is necessary to respond to the quickly evolving situation. While vaccines are promising future interventions, they are not available to address the immediate risks to healthcare delivery in the current surge. The immediate aggressive institution of additional non-pharmaceutical public health interventions is critical to avoid further overwhelming hospitals and to prevent the need to ration care.

---



**NOW, THEREFORE, I, as Acting State Public Health Officer of the State of California, order:**

1. CDPH will evaluate public health based on Regions, responsive to hospital capacity for persons resident in those Regions.

2. CDPH will evaluate the adult ICU bed capacity for each Region and identify on covid19.ca.gov any Regions for which that capacity is less than 15%. When that capacity is less than 15%, the following terms (the Terms of this Order) will apply.

   a. All gatherings with members of other households are prohibited in the Region except as expressly permitted herein.

   b. All individuals living in the Region shall stay home or at their place of residence except as necessary to conduct activities associated with the operation, maintenance, or usage of critical infrastructure,[1] as required by law, or as specifically permitted in this order.

   c. Worship and political expression are permitted outdoors, consistent with existing guidance for those activities.

   d. Critical infrastructure sectors may operate and must continue to modify operations pursuant to the applicable sector guidance.

   e. Guidance related to schools remain in effect and unchanged. Accordingly, when this Order takes effect in a Region, schools that have previously reopened for in-person instruction may remain open, and schools may continue to bring students back for in-person instruction under the Elementary School Waiver Process or Cohorting Guidance.

   f. In order to reduce congestion and the resulting increase in risk of transmission of COVID-19 in critical infrastructure retailers, all retailers may operate indoors at no more than 20% capacity and must follow the guidance for retailers. All access to retail must be strictly metered to ensure compliance with the limit on capacity. The sale of food, beverages, and alcohol for in-store consumption is prohibited.

   g. To promote and protect the physical and mental well-being of people in California, outdoor recreation facilities may continue to operate. Those facilities may not sell food or drink for on-site consumption. Overnight stays at

---

[1] See https://covid19.ca.gov/essential-workforce/ for full list of California's Critical Infrastructure workforce.

campgrounds are not permitted.

h.  Nothing in this Order prevents any number of persons from the same household from leaving their residence, lodging, or temporary accommodation, as long as they do not engage in any interaction with (or otherwise gather with) any number of persons from any other household, except as specifically permitted herein.

i.  Terms (a) and (b) of this section do not apply to persons experiencing homelessness.

3.  Except as otherwise required by law, no hotel or lodging entity in California shall accept or honor out of state reservations for non-essential travel, unless the reservation is for at least the minimum time period required for quarantine and the persons identified in the reservation will quarantine in the hotel or lodging entity until after that time period has expired.

4.  This order shall take effect on December 5, 2020 at 1259pm PST.

5.  For Regions where the adult ICU bed capacity falls below 15% after the effective date of this order, the Terms of this Order shall take effect 24 hours after that assessment.

6.  The Terms of this Order shall remain in place for at least three weeks from the date the order takes effect in a Region and shall continue until CDPH's four-week projections of the Region's total available adult ICU bed capacity is greater than or equal to 15%. Four-week adult ICU bed capacity projections will be made approximately twice a week, unless CDPH determines that public health conditions merit an alternate projection schedule.  If after three weeks from the effective date of the Terms of this Order in a Region, CDPH's four-week projections of the Region's total available adult ICU bed capacity is greater than or equal to 15%, the Terms of this Order shall no longer apply to the Region

7.  After the termination of the Terms of this Order in a Region, each county within the Region will be assigned to a tier based on the Blueprint for a Safer Economy as set out in my August 28, 2020 Order, and the County is subject to the restrictions of the Blueprint appropriate to that tier.

8.  I will continue to monitor the epidemiological data and will modify this Regional Stay-at-Home Order as required by the evolving public health conditions. If I determine that it is necessary to change the Terms of this Order, or otherwise modify the Regional Stay-at-Home Order, these modifications will be posted at covid19.ca.gov.

9.  When operative in a Region, the Terms of this Order supersede any conflicting terms in other CDPH orders, directives, or guidance. Specifically, for those Regions with ICU bed capacity triggering this order, the Terms of this Order shall supersede the State's Blueprint for a Safer Economy and all guidance (other than guidance for critical infrastructure sectors) during the operative period. In all Regions that are not subject to the restrictions in this order, the Blueprint for a Safer Economy and all guidance shall remain in effect.

10. This order is issued pursuant to Health and Safety Code sections 120125, 120130(c), 120135, 120140, 120145, 120175,120195 and 131080; EO N-60-20, N-25-20, and other authority provided for under the Emergency Services Act; and other applicable law.

Erica S. Pan, MD, MPH
Acting State Public Health Officer
California Department of Public Health

- 093 -