# EXHIBIT G

STEVEN WANG, State Bar No. 191168
City Attorney
SARI MYERS DIERKING, State Bar No. 226805
Assistant City Attorney
City of Folsom
50 Natoma Street
Folsom, CA 95630
Telephone: (916) 461-6025
Facsimile: (916) 351-0536

Attorneys for Defendant
CITY OF FOLSOM

**FILED/ENDORSED**

FEB 16 2021

By: _____A. Macias_____
         Deputy Clerk

*(Filing Fee Exempt: Gov. Code § 6103)*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SACRAMENTO

| | |
|---|---|
| HARI SHETTY, KAVITA SOOD, and NEIGHBORHOOD ELECTIONS NOW<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF FOLSOM, *et al.*,<br><br>Defendants. | Case No. 34-2020-00291639<br><br>**DECLARATION OF STEVEN WANG IN SUPPORT OF CITY OF FOLSOM'S DEMURRER TO PLAINTIFFS' COMPLAINT**<br><br>Date: June 10, 2021<br>Time: 1:30 p.m.<br>Dept.: 53<br>Judge: Hon. David I. Brown<br><br>Reservation No.: 2550176<br><br>Complaint Filed: January 5, 2021 |

I, Steven Wang, declare:

1. I am an attorney at law duly licensed to practice before all the Courts of the State of California. I am the City Attorney for the City of Folsom and I am the attorney of record for the City of Folsom in this matter. I have personal knowledge of the facts set forth in this declaration. If called upon to do so, I could and would competently testify to the following facts:

2. On February 5, 2021, I spoke with Plaintiffs' counsel, Scott Rafferty, by phone in

- 1 -

an effort to meet and confer before filing a demurrer to his clients' complaint pursuant to Code of Civil Procedure section 430.41.

3. After I informed Mr. Rafferty of the City's objections to the complaint, and the reasons for those objections, Mr. Rafferty informed me that he would need to speak with his clients before responding to my request to meet and confer.

4. Attached hereto as **Exhibit A** is a true and correct copy of my February 5, 2021 letter to Plaintiffs' counsel confirming our conversation and my attempt to meet and confer pursuant to Code of Civil Procedure section 430.41.

5. On February 7, 2021, Mr. Rafferty emailed me in response to my attempt to meet and confer.

6. Attached hereto as **Exhibit B** is a true and correct copy of Mr. Rafferty's February 7, 2021 email to me in response to my attempt to meet and confer in this matter.

7. Regrettably, Plaintiffs have declined to voluntarily dismiss the complaint, which necessitated the filing of the demurrer.

I declare under penalty of perjury according to the laws of the State of California that the foregoing is true and correct.

Dated: February 12, 2021

_____
STEVEN WANG
City Attorney
Attorney for Defendant, CITY OF FOLSOM

# EXHIBIT A



CITY OF
# FOLSOM
DISTINCTIVE BY NATURE

February 5, 2021

**VIA Email and First Class Mail**
rafferty@gmail.com

Scott J. Rafferty
Attorney at Law
1913 Whitecliff Court
Walnut Creek, CA 94596

      Re:    **SHETTY et al. v. CITY OF FOLSOM**
             **Case No. 34-2020-00291639**

Dear Mr. Rafferty,

Thank you for talking with me this afternoon about the above-referenced complaint. As we discussed, the complaint is legally deficient, and I was reaching out to you to meet and confer pursuant to Code of Civil Procedure section 430.41. I am hopeful that we can reach an agreement that will resolve the City's objections such that no demurrer will be necessary.

As you are already aware, the City's objection to the complaint is the Governor's Executive Order N-48-20. A copy of that executive order is enclosed. As you know, Executive Order N-48-20 specifically suspended and tolled the post-notice 45-day timeframe that must pass before a CVRA complaint may be filed pursuant to Elections Code section 10010(e)(2).

The prohibition in Elections Code section 10010(e)(2) on filing a complaint until 45 days after notice of a possible violation, combined with Executive Order N-48-20's suspension and tolling of that very 45-day timeframe, make the complaint premature. Until Executive Order N-48-20 is lifted, the 45-day timeframe in Elections Code section 10010(e)(2) is tolled, and no CVRA complaint relying on satisfaction of the legal requirements in that section can be viable.

I renew my request that your clients voluntarily dismiss the complaint. Once Executive Order N-48-20 is lifted, the 45-day timeframe in Elections Code section 10010(e)(2) will begin to run,

OFFICE OF THE CITY ATTORNEY
50 NATOMA STREET
FOLSOM, CALIFORNIA 95630
916.461.6025 | 916.351.5036 FAX
WWW.FOLSOM.CA.US

- 097 -

Scott J. Rafferty
Re: Shetty et al. v. City of Folsom
February 5, 2021
Page 2

and the City of Folsom will have the opportunity to avail itself of the procedure described in Elections Code section 10010(e)(3).

Please contact me at your earliest convenience once you have had a chance to discuss the City's objections to the complaint with your clients so that we may resolve this matter without the need for a demurrer. If I do not hear from you by Friday, February 12, 2021, I will have no choice but to file the demurrer.

Sincerely,

STEVEN WANG
City Attorney

EXECUTIVE DEPARTMENT
STATE OF CALIFORNIA

### EXECUTIVE ORDER N-48-20

**WHEREAS** on March 4, 2020, I proclaimed a State of Emergency to exist in California as a result of the threat of COVID-19; and

**WHEREAS** on March 19, 2020, I issued Executive Order N-33-20, directing all Californians to heed State Public Health Officer directives requiring them to stay home except for essential needs; and

**WHEREAS** local governments throughout the State have also proclaimed local emergencies, imposed stay-at-home orders and other forms of physical distancing, and taken other significant steps in response to COVID-19; and

**WHEREAS** on May 19, 2020, a Special Recall Election will be held in the City of Santa Ana, in the County of Orange; and

**WHEREAS** on June 2, 2020, a Special Municipal Election will be held in the City of Commerce, in the County of Los Angeles; and

**WHEREAS** on June 2, 2020, a Special Recall Election will be held in the El Rancho Unified School District, in the County of Los Angeles; and

**WHEREAS** state law would ordinarily require that these elections be conducted using in-person voting at polling locations throughout the jurisdiction; and

**WHEREAS** the generalized use of in-person voting presents risks to public health and safety in light of the COVID-19 pandemic, and risks undermining physical distancing measures imposed by the State Public Health Officer, as well as other aspects of the response to COVID-19; and

**WHEREAS** our elections must be accessible, secure, and safe; and

**WHEREAS** California's existing vote-by-mail procedures can be used to allow these elections to go forward in a manner that is accessible, secure, and safe; and

**WHEREAS** various political subdivisions of the State have been in the process of changing from an at-large method of election to district-based elections, requiring a series of public hearings, which are intended to be conducted before the expiration of a safe-harbor provision under Elections Code section 10010; and

**WHEREAS** on March 20, 2020, I issued Executive Order N-34-20, which suspended the timeframes for conducting these public hearings; and

**WHEREAS** uncertainty regarding Elections Code section 10010 could nevertheless induce political subdivisions to hold these public hearings in the near future—at a time when public health requires that Californians stay home except for essential needs, and otherwise engage in physical distancing, to minimize the spread of COVID-19; and

**WHEREAS** holding these hearings in the near future—at a time when public health requires that Californians stay home except for essential needs—would threaten public health and safety, and would force Californians to choose between fully participating in their democratic process and safeguarding their own health and safety, as well as the health and safety of their communities; and

**WHEREAS** under the provisions of Government Code section 8571, I find that strict compliance with various statutes specified in this order would prevent, hinder, or delay appropriate actions to prevent and mitigate the effects of the COVID-19 pandemic.

**NOW, THEREFORE, I, GAVIN NEWSOM**, Governor of the State of California, in accordance with the authority vested in me by the State Constitution and statutes of the State of California, and in particular, Government Code sections 8567, 8571, and 8627, do hereby issue the following Order to become effective immediately:

**IT IS HEREBY ORDERED THAT:**

1) Notwithstanding Elections Code sections 1500 and 4000–4007 (including, but not limited to, the conditions otherwise imposed on all-mail ballot elections in Elections Code sections 4000 and 4001.5), and any other applicable provision of state law, the following elections shall each be held as an all-mail ballot election:

   - The May 19, 2020, Special Recall Election to be held in the City of Santa Ana;

   - The June 2, 2020, Special Municipal Election to be held in the City of Commerce; and

   - The June 2, 2020, Special Recall Election to be held in the El Rancho Unified School District.

   Each of these elections shall be conducted according to the provisions of the Elections Code that govern all-mail ballot elections, including but not limited to Elections Code sections 3000–3026 and 4100. The respective county elections officials responsible for conducting each respective election shall transmit vote-by-mail ballots to all voters eligible to vote in each respective election.

   Notwithstanding any other provision of this Order, elections officials are also authorized to make in-person voting opportunities available for each of these elections, on or before Election Day, in a manner that is consistent with public health and safety. The purpose of this authorization is to maximize voter opportunities to participate in these elections without jeopardizing public health and safety.

   Elections officials shall provide maximum possible notice to voters about how to participate in each of these elections, paying particular attention to the needs of voters at high risk from COVID-19, individuals with disabilities, and other voters with particularized needs.

2) To clarify the scope of Paragraph 1 of Executive Order N-34-20, (March 20, 2020), without changing its effective date, that paragraph is modified to read as follows:

The timeframes set forth in Elections Code section 10010, subdivisions (a) and (e), are suspended as to any political subdivision of the State. The purpose of this suspension is to protect public health and safety during the period when the State Public Health Officer and other public health officials have determined that it is necessary to engage in physical distancing to minimize the spread of COVID-19. This suspension shall be in effect until further notice.

This paragraph pauses the timeframes set forth in Elections Code section 10010, subdivisions (a) and (e), but does not restart them: this paragraph should be construed to toll those timeframes, such that days elapsed during the suspension set forth in this paragraph are not counted, but any days that elapsed prior to that suspension are still counted.

This paragraph shall not preclude a prospective plaintiff obtaining reimbursement from a political subdivision under subdivision (f) of Elections Code section 10010, in the manner set forth in that subdivision.

**IT IS FURTHER ORDERED** that as soon as hereafter possible, this Order be filed in the Office of the Secretary of State and that widespread publicity and notice be given of this Order.

This Order is not intended to, and does not, create any rights or benefits, substantive or procedural, enforceable at law or in equity, against the State of California, its agencies, departments, entities, officers, employees, or any other person.

**IN WITNESS WHEREOF** I have hereunto set my hand and caused the Great Seal of the State of California to be affixed this 9th day of April 2020.

GAVIN NEWSOM
Governor of California

**ATTEST:**

ALEX PADILLA
Secretary of State

# EXHIBIT B

**Stacy Saldutti**

**From:** Steven Wang
**Sent:** Wednesday, February 10, 2021 2:35 PM
**To:** Sari Dierking
**Subject:** FW: Meet and Confer - Shetty v Folsom demurrer.

---

**From:** Scott Rafferty <rafferty@gmail.com>
**Sent:** Sunday, February 7, 2021 4:40 PM
**To:** Steven Wang <swang@folsom.ca.us>
**Subject:** Meet and Confer - Shetty v Folsom demurrer.

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

I want to acknowledge that you telephoned today to inform me that you intend to demur solely on the basis that the Governor issued N-48-20, which you interpret to bar access to the courts for civil rights claims. You should certainly reconsider in light of the Supreme Court's ruling in South Bay Pentacostal Church. Folsom City Council is able to hold hearings and to perform every function except implementing equal voting rights for protected minorities, a right that is doubly entitled to strict scrutiny.

As we have discussed before, we do not accept that there is any good faith basis to demur, and that filing the demurrer is being filed for the apparent purpose of delay. Member Aquino said so on the record. You should answer the complaint.

The current complaint is minimal. You can cut-off most fees by settling now with the firm commitment to comply in 2022, as you said the council was going to do. Otherwise, we reserve the right to seek amendments to the complaint to charge the city and individual defendants with federal civil rights violations.

Consolidating the hearing with San Juan may be appropriate in light of COVID-19 delays, but I am not in a position to consent at this time.

As I told you, the grounds for opposing the demurrer in San Juan are rather different. N-48-20 cannot reasonably be interpreted to apply in that case either, but the facts are very different. You waived any objection to jurisdiction when you presented us with a statutory extension agreement that included a settlement under Section 664.6, which of course required us to file suit. San Juan did not admit, on the record, that they were invoking the order for the purpose of evading application of 2010 census data, which the Supreme Court has held are currently valid. San Juan also does not have the same history of intentional discrimination against minority candidates that exists in Folsom.

I want to emphasize that no aspect of our discussions last year were privileged or confidential. These were not settlement talks. They were efforts to reach the agreement specified in EC 10010.

Last year, you assured me that the city council would move forward with the resolution of intent and had somehow authorized you to make a binding commitment to districts elections prior to accepting

public testimony from opponents. When we questioned the enforceability of such a guarantee, you threatened us with "backlash."   Before you file this demurrer, please carefully consider the extent to which the city has already denied us due process - and would expose itself to additional claims of denying access to the courts if you proceed,

Best wishes,


Scott Rafferty
1913 Whitecliff Ct
Walnut Creek CA 94596
 mobile 202-380-5525