# EXHIBIT R

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SACRAMENTO**
**GORDON D SCHABER COURTHOUSE**

**MINUTE ORDER**

DATE: 03/17/2021            TIME: 01:30:00 PM            DEPT: 53
JUDICIAL OFFICER PRESIDING: Shama Mesiwala
CLERK: E. Brown
REPORTER/ERM:
BAILIFF/COURT ATTENDANT: Alvi, N.

CASE NO: **34-2020-00291639-CU-CR-GDS**   CASE INIT.DATE: 12/31/2020
CASE TITLE: **Shetty vs. City of Folsom**
CASE CATEGORY: Civil - Unlimited

**EVENT TYPE**: Hearing on Demurrer - Civil Law and Motion - Demurrer/JOP

**APPEARANCES**
Scott Rafferty, counsel, present for Plaintiff(s) remotely via video.
Sari Dierking, counsel, present for defendant

**Nature of Proceeding: Hearing on Demurrer**

**TENTATIVE RULING**

The demurrer of defendant City of Folsom ("Folsom") to the Complaint of plaintiffs Hari Shetty, Kavita Sood, and Neighborhood Elections Now ("Plaintiffs") is SUSTAINED with leave to amend as set forth below.

Folsom demurrers to Plaintiffs' sole claim for violation of the California Voting Rights Act ("CVRA") upon the ground that it "is premature, unripe, and barred by Elections Code section 10010 subdivision (e)(2) and Governor Newsom's Executive Order N-48-20." (Demurrer, p. 2:1-5.)

Folsom's initial request for judicial notice is granted. Plaintiffs' request for judicial notice is granted as to Exhibits 1, 2, 3, and 4, and is denied as to Exhibits 5, 6, and 7. Folsom's request for judicial notice on Reply of the decision of the United States District Court for the District of Montana in *Donald J. Trump for President, Inc. v. Bullock*, 2020 U.S. Dist. Lexis 181109, is denied. The Court may consider a federal district court opinion without the necessity of taking judicial notice of it in the form of evidence. The purpose of judicial notice is to expedite the production and introduction of otherwise admissible evidence. (*Mozzetti v. City of Brisbane* (1977) 67 Cal. App. 3d 565, 578.) Judicial notice is a substitute for formal proof, the fundamental theory being that matter judicially noticed cannot reasonably be disputed. (*Post v. Prati* (1979) 90 Cal. App. 3d 626, 633; Sosinsky v. Grant (1992) 6 Cal. App. 4th 1548, 1564, 1566.) Unpublished federal opinions, although not precedential and only of potential persuasive value, are "'citable notwithstanding California Rules of Court, rule [8.1115] which only bars citation of unpublished California opinions." (*Haligowski v. Superior Court* (2011) 200 Cal. App. 4th 983, 990, fn.4; *Pacific Shore Funding v. Lozo* (2006) 138 Cal.App.4th 1342, 1352, fn. 6, quoting *City of Hawthorne ex rel. Wohlner v. H&C Disposal Co.* (2003) 109 Cal.App.4th 1668, 1678, fn. 5.)

Folsom demurrers upon the ground that Plaintiffs' CVRA claim is "premature" because Folsom has not yet completed the procedures available to it under Election Code section 10010. Folsom contends the first procedure, passing a resolution of intent, has a 45-day period which is currently suspended by the

Governor's intervening Executive Order. The demurrer is in essence an objection that Plaintiffs have not and cannot yet allege the exhaustion of their mandatory administrative remedies necessary to entitle them to bring their action for violation of Election Code sections 14027 and 14028 of the CVRA. In sum, Folsom's position is that Plaintiffs cannot yet allege Folsom has failed to take the steps required under Election Code section 10010 to consider and legislatively determine whether to change its existing at-large method of elections to district-based within the time frames set forth in Election Code section 10010 which is a prerequisite to Plaintiffs' CVRA action because those time frames are still suspended by the Governor's Executive Order in light of the pandemic.

Plaintiffs oppose the demurrer. Plaintiffs argue that the Court cannot or should not give effect in this case to the express directive in Governor Newsom's Executive Order N-48-20 suspending the Election Code section 10010 timeframes during the state of emergency. Plaintiffs argue that Folsom should not be allowed to rely upon the suspension in not acting to pass a resolution of intent to change its election system, or to complete any other step in the Election Code section 10010 procedure. Plaintiffs argue that the Governor's suspension order is ineffective as to Folsom, so the 45-day period for Folsom to pass a resolution of intent under Election Code section 10010(e)(3)(A) or face Plaintiffs' action expired on December 14, 2020, which was 45 days after Plaintiffs sent their formal CVRA notice on October 28, 2020.

Plaintiffs contend that this Court cannot or should not give effect in this case to the suspension in Governor Newsom's Executive Order N-48-20 because: (1) it "may" be unconstitutional on its face for barring access to the courts, it is overbroad, it delegates unfettered discretion to public entities to determine when their own actions can be reviewed by a court, and it usurps the Legislature's powers; (2) it was based on limited and inaccurate information, and could not have been intended by the Governor to close the courts to minority voters; (3) Folsom does not intend to transition from its at-large election system even after the suspension is lifted so the delay is futile; (4) it is unnecessary for public health and safety where Section 10010 hearings and processes can be conducted remotely like other Folsom governmental business; (5) it was the product of misrepresentation by the political subdivisions that urged the Governor to issue Order N-48-20 [and its predecessor], and was instead intended for unlawful political advantage not public safety; (6) Section 10010 is jurisdictional, not regulatory, so the Governor's emergency powers under Government Code sections 8571 and 8627, do not reach Section 10010; (7) the indefinite suspension of Section 10010 time frames is not narrowly tailored; (8) the Governor's suspension of Section 10010 cannot withstand strict scrutiny under Equal Protection analysis because it affects hearings on only one subject, does not reduce contagion, and unequally impacts minority voters; and (9) it violates the separation of powers because it has no certain expiration date, and courts are better to control administrative supervision over political subdivisions like Folsom.

In Reply, Folsom responds to the Plaintiffs' several challenges to the lawfulness of Governor Newsom's Executive Order N-48-20. Folsom responds that Order N-48-20: (1) expressly applies to any political subdivision of the State, including Folsom, even though it has not started the at-large to by-district election transition and it conducts other city business by remote technology; (2) was a proper exercise of the Governor's emergency authority under Government Code section 8571 because Election Code section 10010 is a regulatory statute and the Governor expressly determined that strict compliance with that statute's public hearing requirements during the pandemic would prevent, hinder, or delay the mitigation of the effects of the Covid-19 emergency; (3) it is not facially invalid because even Plaintiffs concede some realistic circumstances where the order's suspension would nonetheless be constitutional; (4) it is not subject to strict scrutiny because it is nondiscriminatory and does not burden any citizen's right to vote, and it easily passes rational basis analysis; (5) it would pass strict scrutiny anyway because reducing the spread of Covid-19 is a compelling state interest, and the suspension is narrowly tailored to advance that interest since it is not permanent, the next impacted election is not scheduled until November 2022, and it does not deny the Plaintiffs their right to prosecute a CVRA action once the suspension is lifted and the administrative remedy is exhausted.

CASE TITLE: Shetty vs. City of Folsom    CASE NO: **34-2020-00291639-CU-CR-GDS**

Case 2:22-cv-00534-JAM-JDP   Document 1-18   Filed 03/23/22   Page 4 of 6

Elections Code section 10010(e) sets forth an administrative remedy that a "prospective plaintiff" must exhaust before commencing an action to enforce Elections Code sections 14027 and 14028 against a political subdivision like Plaintiffs' present action against Folsom. It provides in relevant part:

"(e)
(1) **Before commencing an action to enforce Sections 14027 and 14028**, a prospective plaintiff shall send by certified mail a written notice to the clerk of the political subdivision against which the action would be brought asserting that the political subdivision's method of conducting elections may violate the California Voting Rights Act of 2001.

(2) **A prospective plaintiff shall not commence an action to enforce Sections 14027 and 14028 within 45 days of the political subdivision's receipt of the written notice** described in paragraph (1).

(3)
(A) Before receiving a written notice described in paragraph (1), **or within 45 days of receipt of a notice, a political subdivision may pass a resolution outlining its intention to transition from at-large to district-based elections**, specific steps it will undertake to facilitate this transition, and an estimated timeframe for doing so.

(B) **If a political subdivision passes a resolution pursuant to subparagraph (A), a prospective plaintiff shall not commence an action to enforce Sections 14027 and 14028 within 90 days of the resolution's passage**."

Governor Newsom's Executive Order N-48-20 specifically provides in relevant part:

"The timeframes set forth in Elections Code section 10010, subdivisions (a) and (e), are suspended as to any political subdivision of the State. The purpose of this suspension is to protect public health and safety during the period when the State Public Health Officer and other public health officials have determined that it is necessary to engage in physical distancing to minimize the spread of COVID-19. This suspension shall be in effect until further notice."

Governor Newsom's Executive Order N-48-20 suspended the running of the 45-day period during which Folsom was to have an opportunity to "pass a resolution outlining its intention to transition from at-large to district-based elections, specific steps it will undertake to facilitate this transition, and an estimated timeframe for doing so." The 45-day and 90-day periods in Election Code section 10010 are intended to provide Folsom with an opportunity to voluntarily remedy the Plaintiffs' claims of a CVRA violation by transitioning to a different election method that has first been fully considered by Folsom and its electorate. That process includes public hearings of direct interest and consequence to every resident in Folsom who would be entitled to have their voices heard on the question and any transition plans. The Governor's Executive Order N-48-20 suspending both timeframes was expressly issued to protect the public health and safety during the pandemic and to preserve the rights of Folsom's entire constituency to meaningfully participate in the decision as to whether to transition from at-large elections, and if so, in what manner. The Governor determined that compelling such important public hearings during the pandemic could disenfranchise the public from these significant decisions that are so fundamental to their voting rights.

The Governor's order acknowledges the importance of the public hearings to the overall process that Plaintiffs initiated, and the impacted public's right to fully participate in those hearings. The fact that a political body may be able to hold a teleconference meeting does not mean or ensure that every member of the public can fully attend or participate. The Governor's order suspended the comparatively short time frames in Section 10010 for the protection of the electorate and the community as a whole,

CASE TITLE: Shetty vs. City of Folsom    CASE NO: **34-2020-00291639-CU-CR-GDS**

Case 2:22-cv-00534-JAM-JDP   Document 1-18   Filed 03/23/22   Page 5 of 6

not to simply provide political subdivisions like Folsom a respite from claims like those of Plaintiffs. And, the suspension is not left to the discretion of the political subdivisions under the Governor's order - the suspension is immediate and total, not conditional. The preamble to the Governor's order makes clear that the suspension of this overall process is intended to allow the public to fully participate "in their democratic process" while safeguarding their health and safety and that of the community.

The Governor has ordered changes to the public's transactional norms for the health and safety of the citizens of California during the pandemic. The Governor's suspension order in this instance involved an express balance between a full open public consideration of whether a political subdivision's at-large election system violates the CVRA and the manner of correction if so, against the rights of all those citizens impacted by such a consideration to exercise their full democratic participation in that process without forcing them to risk their health and that of their community.

The Court is not persuaded by Plaintiffs' challenges to Order N-48-20. First, the suspension order expressly applies to any political subdivision of the State, including Folsom, even though it has not started the at-large to by-district election transition and it has conducted other city business by remote technology or in-person proceedings. Second, Order N-48-20 is a proper exercise of the Governor's emergency authority under Government Code section 8571 because Election Code section 10010 is a regulatory statute and the Governor expressly determined that strict compliance with that regulatory statute's public hearing requirements during the pandemic would prevent, hinder, or delay the mitigation of the effects of the Covid-19 emergency. Third, Plaintiffs have not demonstrated or articulated a basis to find that the Governor's order is facially unconstitutional. As Plaintiffs concede, even under strict scrutiny there are circumstances where the order's suspension would have proper constitutional application and purpose. Fourth, the order is not subject to strict scrutiny because it is nondiscriminatory and does not burden any citizen's right to vote - however it would nonetheless pass strict scrutiny because reducing the spread of Covid-19 is a compelling state interest, and the suspension is narrowly tailored to advance that interest. The suspension is not permanent, and it does not deny the Plaintiffs their right to prosecute a CVRA action once the suspension is lifted and administrative remedy is exhausted.

Until the timeframes required to engage the public in this process and to satisfy the necessary steps expire, the voluntary administrative remedy provided by the Legislature as a prerequisite to Plaintiffs' CVRA claim in this context cannot yet be exhausted.

The "failure to exhaust administrative remedies is a proper basis for demurrer." (*Gupta v. Stanford University* (2004) 124 Cal.App.4th 407, 411; see *Campbell v. Regents of University of California* (2005) 35 Cal.4th 311, 333 [upholding trial court's sustaining of demurrer on administrative exhaustion grounds]; *Parthemore v. Col* (2013) 221 Cal. App. 4th 1372, 1379.) "A complaint is vulnerable to demurrer on administrative exhaustion grounds when it fails to plead either that administrative remedies were exhausted or that a valid excuse exists for not exhausting." (*Parthemore v. Col* (2013) 221 Cal. App. 4th at p. 1379, citing *Campbell, supra*, 35 Cal.4th at pp. 321-322, 333; *Williams v. Housing Authority of Los Angeles* (2004) 121 Cal.App.4th 708, 736-737; *Hood v. Hacienda La Puente Unified School Dist.* (1998) 65 Cal.App.4th 435, 439.) A complaint is also vulnerable to demurrer on administrative exhaustion grounds where the complaint's allegations, documents attached thereto, or judicially noticeable facts indicate that exhaustion has not occurred and no valid excuse is alleged in the pleading to avoid the exhaustion requirement. (*Id.*, citing *Doe II v. MySpace Inc.* (2009) 175 Cal.App.4th 561, 566.)

Thus, the express allegations of the Complaint, coupled with the matters for which both parties have requested judicial notice, establish that Plaintiffs have not yet exhausted the administrative remedy provided under Elections Code section 10010 which is a prerequisite to commence their CVRA action.

CASE TITLE: Shetty vs. City of Folsom　　　　　　　CASE NO: **34-2020-00291639-CU-CR-GDS**

Case 2:22-cv-00534-JAM-JDP   Document 1-18   Filed 03/23/22   Page 6 of 6

Folsom's demurrer is therefore sustained.

Plaintiffs indicate that they could allege claims that are not subject to the Elections Code section 10010 and the suspension under Governor Newsom's Executive Order N-48-20. Specifically, Plaintiffs indicate that they could also plead and prosecute a mandamus action to enforce the CVRA, and additional claims for intentional vote dilution under 52 U.S.C §10301(b), 42 U.S.C §§1983, 1988, and the 14th and 15th Amendments of the United States Constitution. (Opp., p. 18:21-19:7.)  For this reason, Folsom's demurrer is sustained with leave to amend in accord with the Court ruling.

Plaintiffs may file an amended complaint on or before April 2, 2021.  If Plaintiffs files an amended complaint, they are requested to provide a copy of the Court's ruling granting leave to the filing clerk to facilitate processing.

This minute order is immediately effective.  A formal order and further notice of this ruling are not required.

**COURT RULING**

The matter was argued and submitted.  The Court affirmed the tentative ruling.