# EXHIBIT V

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Scott Rafferty SBN 224389<br>1913 Whitecliff Ct<br>Walnut Creek CA 94596<br>TELEPHONE NO.: 202-380-5525  FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* rafferty@gmail.com<br>ATTORNEY FOR *(Name):* Hari Shetty, Kavita Sood, Neighborhood Elections Now | Superior Court Of California,<br>Sacramento<br>01/06/2022<br>mwhitaker<br>By_____, Deputy<br>Case Number:<br>**34-2020-00291639** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS: 720 9th St
MAILING ADDRESS: 720 9th St
CITY AND ZIP CODE: Sacramento 95814
BRANCH NAME: Gordon D. Schaber Courthouse

PLAINTIFF/PETITIONER: Hari Shetty, et al.
DEFENDANT/RESPONDENT: City of Folsom

| CASE MANAGEMENT STATEMENT<br>(Check one): ☑ UNLIMITED CASE    ☐ LIMITED CASE<br>(Amount demanded exceeds $25,000)    (Amount demanded is $25,000 or less) | CASE NUMBER:<br>34-2020-00291639-CU-CR-GDS |
|---|---|

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:
Date: Jan. 21, 2022    Time: 8:30AM    Dept.: 38    Div.:    Room:
Address of court *(if different from the address above):*

☑ **Notice of Intent to Appear by Telephone, by** *(name):* (zoom) Scott J. Rafferty

---

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☑ This statement is submitted jointly by parties *(names):* Hari Shetty, Kavita Sood, Neighborhood Elections Now

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* Dec. 31, 2020
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☑ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☑ complaint ☐ cross-complaint *(Describe, including causes of action):*

Page 1 of 5

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov |

- 428 -

| PLAINTIFF/PETITIONER: Hari Shetty, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: City of Folsom | 34-2020-00291639-CU-CR-GDS |

4. b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
   The complaint seeks declaratory and injunctive relief against at-large elections and approval of a remedial map pursuant to the California Voting Rights Act. No damages are sought.

   ☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
   The party or parties request ☐ a jury trial ☑ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
      12 months have lapsed
   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a. ☑ days *(specify number):* 3
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial ☑ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:
   e. E-mail address:
   f. Fax number:
   g. Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
    a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
       (1) For parties represented by counsel: Counsel ☑ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
       (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
    b. **Referral to judicial arbitration or civil action mediation** (if available).
       (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
       (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
       (3) ☑ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*
          CRC 3.811(b)(1)

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: Hari Shetty, et al. | 34-2020-00291639-CU-CR-GDS |
| DEFENDANT/RESPONDENT: City of Folsom | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ✔ | ✔ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ✔ | ✔ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

| | |
|---|---|
| PLAINTIFF/PETITIONER: Hari Shetty, et al. | CASE NUMBER: |
| DEFENDANT/RESPONDENT: City of Folsom | 34-2020-00291639-CU-CR-GDS |

11. **Insurance**
    a. ☐ Insurance carrier, if any, for party filing this statement (name):
    b. Reservation of rights: ☐ Yes ☐ No
    c. ☐ Coverage issues will significantly affect resolution of this case (explain):

12. **Jurisdiction**
    Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
    ☐ Bankruptcy ☑ Other (specify): Defense counsel claims plaintiff must dismiss city with prejudice
    Status: see Attached letter

13. **Related cases, consolidation, and coordination**
    a. ☐ There are companion, underlying, or related cases.
        (1) Name of case:
        (2) Name of court:
        (3) Case number:
        (4) Status:
        ☐ Additional cases are described in Attachment 13a.
    b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by (name party):

14. **Bifurcation**
    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action (specify moving party, type of motion, and reasons):

15. **Other motions**
    ☑ The party or parties expect to file the following motions before trial (specify moving party, type of motion, and issues):
    If appropriate (see Att.12), plaintiffs may seek to amend complaint
    Plaintiffs may seek preliminary injunction and (based on answer) summary judgment or judgment on pleadings

16. **Discovery**
    a. ☐ The party or parties have completed all discovery.
    b. ☑ The following discovery will be completed by the date specified (describe all anticipated discovery):

    | Party | Description | Date |
    |---|---|---|
    | City of Folsom | all studies of racially polarized voting | 3/15/22 |

    c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated (specify):
    exchange of expert testimony

Case 2:22-cv-00534-JAM-JDP   Document 1-22   Filed 03/23/22   Page 6 of 11

| PLAINTIFF/PETITIONER: Hari Shetty, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: City of Folsom | 34-2020-00291639-CU-CR-GDS |

CM-110

17. **Economic litigation**
   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.
   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**
   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**
   a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*
   Undersigned approached defense counsel to confer in person on 9/12/21. On 12/21/21, received a phone message stating CRC was called in error and demanding that plaintiffs "dismiss the city with prejudice." Undersigned's call next day abruptly ended with no topics discussed other than demand to dismiss.
   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* 3

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: 1/6/2022

Scott J. Rafferty

(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY)

▶

(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

Defendant Folsom's response to #12 states that there is no issue as to jurisdiction. However, as noted in our response to #12 and the attached letter, Folsom's counsel has insisted that this CMC was called in error and requested that plaintiff dismiss City of Folsom with prejudice, which would presumably forever bar them from enforcing the California Voting Rights Act (CVRA) against the City.[1] After a brief telephone conference ended abruptly, we wrote the attached letter, to which Folsom has not responded. Even assuming that the complaint was prematurely filed, the claim is timely and the statutory purpose of giving the entity an opportunity to investigate and settle is satisfied. *State of California v. Superior Ct.* (2004) 32 Cal. 4th 1234, 1243–45. The prior ruling (3/17/21) was interlocutory and did not exclude waiting for the expiration of the cure period, which it held to be tolled due to COVID.

The CVRA authorizes a civil action to simplify and facilitate enforcement of constitutional guarantees against minority vote dilution, as compared to a writ of mandate. Elections Code 10010 specifies a cure period of up to 135 days. Plaintiffs sent City of Folsom a notice of possible violation on 10/28/2020. Executive Order N-48-20 did not suspend the CVRA or authorize at-large elections that dilute minority voting rights, but it did suspend judicial enforcement indefinitely. N-9-21 rescinded N-48-20 effective 7/1/21. Assuming N-48-20 to be constitutional, the cure period ended on 10/25/21, rendering this type of action to enforce the CVRA by civil action to be indisputably timely. N-48-20 denied judicial review of the integrity of an impending election, asserting that in-person hearings were essential to permit cities to cure, but Folsom was one of the only cities in California to meet (and conduct public hearings) in person throughout the pandemic. To challenge N-48-20's constitutionality as applied to Folsom, it was necessary to file the CVRA action.

On 3/17/21, the court ruled that N-48-20 was constitutional as applied to the extent that it tolled the cure period. The court accepted that plaintiffs could immediatel"prosecute a mandamus action to enforce the CVRA" and granted leave to amend in accordance with that ruling, stating plaintiffs "may file an amended complaint on or before 4/2/21." The option of mandamus involves substantial additional costs, risks, and burdens of pleading and proof. The ruling was interlocutory, did not provide for entry of judgment, and did not exclude plaintiffs' simply allowing the extended tolling period to lapse, which has now occurred. Even after this case was assigned for case management on 8/1/21, Folsom did not request entry of judgment, which would have been opposed. Folsom's attorney declined to confer on 9/12/21 when the undersigned sought to discuss the timing of an answer.

Paragraph 29, which asserts that N-48-20 cannot constitutionally apply to Folsom, is no longer relevant. Folsom has not been prejudiced. Indeed, when it adopted a resolution to conduct hearings on 7/27/21, N-48-20 was already rescinded, so Folsom knew that it had only until 10/25/21 to adopt a map of council districts without judicial supervision. An amendment should not be required, since proof of paragraph 29 is no longer material. CCP 470. Nonetheless, plaintiffs have offered to amend, omit the paragraph, and restart Folsom's time to answer.

---

[1] Folsom's attorney demands that plaintiffs dismiss the city, not the claim. As governing body, the City Counsel is an alternative defendant. *Rey v. Madera Unified Sch. Dist.* (2012), 203 Cal.App.4th 1223.

# SCOTT J. RAFFERTY
## ATTORNEY AT LAW

1913 WHITECLIFF COURT  (202)-380-5525
WALNUT CREEK CA 94596  RAFFERTY@GMAIL.COM

December 28, 2021

Steven Wang, Esq.
City Attorney, City of Folsom
50 Natoma Street
Folsom CA (via electronic mail)

Dear Steven:

As you, action on a demurrer is an interlocutory order that does not terminate a case. The decision on Folsom's demurrer no longer has any application now that the 17-month tolling-period has ended. Since April 20, 2021, when you now claim this case ended, you have not applied for the court to issue an appealable final judgment. You do not now offer any excuse for this delay, if you truly believe there is or was a basis for terminating Superior Court jurisdiction. My clients did not seek any affirmative action from the Court on more reasonable grounds; we expected the City of Folsom to comply with the CVRA and the timeframe set by Section 10010, once tolling stopped. Executive Order N-48-20 lapsed on July 1, 2021. The Council adopted a resolution of intent on July 27, 2021, requiring it to complete five hearings by October 25, 2020. It is my clients' position that the jurisdiction of the Superior Court was restored as of that date, even assuming the constitutionality of Executive Order N-48-20, which purported to block access to the Superior Court for 17 months.

By the time we realized that the City of Folsom and its governing body had no intention of complying with Section 10010, the Superior Court had scheduled a case management conference. Especially given the long period required to schedule any noticed motion that might have been permissible, the appropriate course was to confirm the Court's jurisdiction during this conference.

By contrast, City of Folsom has no excuse for delaying a request for entry of judgment even if it had any good faith basis to make one. On August 1, 2021, the Superior Court formally notified you that <u>Shetty v. City of Folsom</u> had been assigned for case management, reminding you that the Court had not dismissed this case. As you know, I travelled to Folsom for a hearing on September 14, 2021 and attempted to confer with you in person after its conclusion.[1] If you had acknowledged or conferred with me at that time, I am sure we would have agreed that the case had not been dismissed.

---

[1] My clients witnessed me ask to speak with you, you look directly at me, and then you turn your back and walk away without saying a word. I found this interaction almost as strange as they did.

On December 21, 2021, you left a phone message suggesting that the Court had erroneously called the case management conference, asserting that you did not have to file any case management statement, and concluding: "I need you to dismiss the city with prejudice." I promptly returned this call, but our connection was lost abruptly less than six minutes later, immediately after your cryptic statement: "This is all about you." I did ask you to acknowledge that there was no judgment and to explain why you delayed in seeking a judgment if you believed one was appropriate.

Otherwise, I cannot accept your claim, when you did file the case management statement, that we "met and conferred on all subjects required by Rule 3.724." Rule 3.724 required us, among other matters, to identify uncontested issues and to identity those that are in dispute; to identify, and if possible, informally to resolve any anticipated motions; to determine whether claims or defenses could be eliminated by motion or otherwise; to determine the possibility of settlement. Your response to item 12 *admits* that there are no "matters that may affect the jurisdiction or processing of this case." In plaintiffs' statement, I intend to disclose our dispute regarding the status of the complaint, which is why I attempted to clarify your position during our brief phone call.

In our phone call, you again spoke about "dismissing the city as a party." This is a red herring. The affected jurisdiction (such as City of Folsom) is a sufficient, but not exclusive or even necessary party to a CVRA civil action.[2] You ended the call without explaining how and why plaintiffs' claims would be eliminated and without answering my direct questions about whether you expected that the Court would enter a final judgment. I did suggest the possibility of amending the complaint as one approach, but also proposed that the passage of time has simply made the disputed jurisdictional claims in paragraph 29 irrelevant. There are no new facts that City of Folsom must answer; the passage of time has also rendered its jurisdictional defense irrelevant.

So I ask again, assuming that the filing of the complaint was premature, what basis is there to assert that the case can be dismissed, let alone with prejudice, now that the cure period has lapsed.[3] Your prompt response will enable me to file an appropriate case management statement.

Sincerely,

*Scott Rafferty*

---

[2] For example, in Rey v. Madera Unified School District, plaintiffs sued the Board of Education.
[3] *Cf.* State of California v. Superior Ct. (2004) 32 Cal. 4th 1234, 1243–45 (where the plaintiffs submitted a timely claim but prematurely filed a complaint, the courts refused to dismiss the action.... the plaintiffs, by filing the claim and prematurely filing the complaint, had satisfied the purpose behind the requirement—to give the entity the opportunity to investigate and settle the claim before suit was brought)

POS-050/EFS-050

| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: 224389 | FOR COURT USE ONLY |
|---|---|
| NAME: SCOTT J RAFFERTY | |
| FIRM NAME: law offices | |
| STREET ADDRESS: 1913 Whitecliff Ct | |
| CITY: Walnut Creek   STATE: CA   ZIP CODE: 94596 | |
| TELEPHONE NO.: 202-380-5525   FAX NO.: | |
| E-MAIL ADDRESS: rafferty@gmail.com | |
| ATTORNEY FOR (name): SHETTY, SOOD, NEIGHBORHOOD ELECTIONS NOW | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS: 720 9th St
MAILING ADDRESS: 720 9th St
CITY AND ZIP CODE: Sacramento 95814
BRANCH NAME: Gordon Schaber

PLAINTIFF/PETITIONER: HARI SHETTY, et al.
DEFENDANT/RESPONDENT: CITY OF FOLSOM

**PROOF OF ELECTRONIC SERVICE**

CASE NUMBER: 34-2020-00291639-CU-CR-GDS
JUDICIAL OFFICER: Hon Kenneth Mennemeier
DEPARTMENT: 38

1. I am at least 18 years old.
   a. My residence or business address is (specify):
      1913 Whitecliff Ct. Walnut Creek CA 94596

   b. My electronic service address is (specify):
      rafferty@gmail.com

2. I electronically served the following documents (exact titles):

   [ ] The documents served are listed in an attachment. (Form POS-050(D)/EFS-050(D) may be used for this purpose.)

3. I electronically served the documents listed in 2 as follows:
   a. Name of person served: Steven Wang

      On behalf of (name or names of parties represented, if person served is an attorney):
      City of Folsom

   b. Electronic service address of person served:
      swang@folsom.ca.gov

   c. On (date): 1/6/2022

      [ ] The documents listed in item 2 were served electronically on the persons and in the manner described in an attachment. (Form POS-050(P)/EFS-050(P) may be used for this purpose.)

Date: 1/6/2022

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Scott J. Rafferty
(TYPE OR PRINT NAME OF DECLARANT)

*(signed)* Scott Rafferty
(SIGNATURE OF DECLARANT)

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
POS-050/EFS-050 [Rev. February 1, 2017]

**PROOF OF ELECTRONIC SERVICE**
(Proof of Service/Electronic Filing and Service)

Cal. Rules of Court, rule 2.251
www.courts.ca.gov

- 436 -

RECEIVED
IN DROP BOX

2022 JAN -6 PM 2:37

DOWNTOWN COURTHOUSE
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SACRAMENTO