# EXHIBIT X

STEVEN WANG, State Bar No. 191168
City Attorney
SARI MYERS DIERKING, State Bar No. 226805
Assistant City Attorney
City of Folsom
50 Natoma Street
Folsom, CA 95630
Telephone: (916) 461-6025
Facsimile: (916) 351-0536

Attorneys for Defendant
CITY OF FOLSOM

FILED/ENDORSED
JAN 1 0 2022
By: H. PEMELTON
Deputy Clerk

*(Filing Fee Exempt: Gov. Code § 6103)*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SACRAMENTO

| | |
|---|---|
| HARI SHETTY, KAVITA SOOD, and NEIGHBORHOOD ELECTIONS NOW<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF FOLSOM, *et al.*,<br><br>Defendants. | Case No. 34-2020-00291639<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**<br><br>Date: February 10, 2022<br>Time: 1:30 p.m.<br>Dept.: 53<br>Judge: Hon. Shama H. Mesiwala<br><br>Reservation No.: 2613120<br><br>Complaint Filed: December 31, 2020 |

## I.

## INTRODUCTION

Defendant City of Folsom moves for an order of dismissal from the above-captioned case (Case No. 34-2020-00291639), with prejudice, under Code of Civil Procedure section 581, subdivision (f)(2) and (m). The Court sustained Defendant City of Folsom's demurrer to

Plaintiffs' Complaint on March 17, 2021. Plaintiffs were given until April 2, 2021, to file an Amended Complaint. However, Plaintiffs failed to file an Amended Complaint within the time allowed. Thus, this Court should dismiss the action in its entirety.

## II.

## ARGUMENT

**A.     The Court Should Dismiss This Action for Plaintiffs' Failure to Timely Amend Their Complaint.**

A defendant may obtain dismissal of an action after a demurrer to the complaint is sustained with leave to amend and the plaintiff fails to amend the complaint within the time allowed by the court. (Code of Civil Procedure § 581(f)(2)). In addition, Code of Civil Procedure section 581(m) provides that, "The provisions of this section shall not be deemed to be an exclusive enumeration of the court's power to dismiss an action or dismiss a complaint as to a defendant." Moreover, courts have "inherent power to control matters before them" that are not dependent on statute. (*Cottle v. Superior Court* (1992) 3 Cal.App.4th 1367, 1376.)

On or about March 17, 2021, the Court issued an order sustaining Defendant City of Folsom's demurrer to Plaintiffs' Complaint with leave to amend. (Order, March 17, 2021.) Plaintiffs were required to comply with the Court's order if they desired to proceed further in this action. Plaintiffs' deadline expired on April 2, 2021. Because Plaintiffs did not file an Amended Complaint prior to the Court-imposed deadline, the Court should dismiss this action with prejudice. (*Cano v. Glover* (2006) 143 Cal.App.4th 326, 329-330 [dismissal with prejudice is proper after a plaintiff fails to timely amend].) Further, pursuant to California Rules of Court, Rule 3.1320(h), "A motion to dismiss the entire action and for an entry of judgment after expiration of the time to amend following the sustaining of a demurrer may be made by ex parte application to the court under Code of Civil Procedure section 581(f)(2)." Defendant respectfully requests that the Court grant this motion to dismiss City of Folsom from the entire action with prejudice.

//

## III.

## CONCLUSION

Plaintiffs failed to amend their Complaint within the time authorized by this Court. Due to the fact that: (1) the Court sustained Defendant's demurrer to Plaintiffs' Complaint, (2) Plaintiffs were given an opportunity to amend the Complaint but failed to do so, and (3) Plaintiffs have not diligently prosecuted this action, Defendant City of Folsom respectfully requests that it be dismissed from the case in its entirety with prejudice.

Dated: January 5, 2022

STEVEN WANG
City Attorney
Attorney for Defendant, CITY OF FOLSOM