# EXHIBIT AB

Scott Rafferty, Esq (SBN 224389)
1913 Whitecliff Court
Walnut Creek CA 94596
202-380-5525
rafferty@gmail.com

Attorney for Plaintiffs

```
FILED/ENDORSED

        JAN 27 2022

By: _____E. Macdonald_____
           Deputy Clerk
```

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF SACRAMENTO

| | |
|---|---|
| HARI SHETTY, KAVITA SOOD, AND NEIGHBORHOOD ELECTIONS NOW<br>Plaintiffs, | Case No.: 34-2020-00291639<br>PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |
| vs.<br><br>CITY OF FOLSOM,<br><br>Defendant | [Code Civ. Proc. §§ 430.40]<br>Hearing Date: February 10, 2022<br>Complaint Filed: December 31, 2020<br>Judge: Hon. Shama H. Misawali |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiffs Hari Shetty, Kavita Sood, and Neighborhood Elections Now (NEN) hereby

oppose defendant's motion to dismiss. This opposition demonstrates that the unamended

complaint is no longer objectionable based on any ground claimed in the demurrer. This

Opposition is based upon the complete files and records in this action, the following

Memorandum of Points and Authorities, and upon any documentary and/or oral evidence as may

be presented at the time of the hearing of the Motion.

Respectfully submitted,

*Scott Rafferty*

Scott Rafferty
Attorney for Plaintiffs Shetty, Sood, and
NEN
PAGE 1
PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

## MEMORANDUM OF POINTS AND AUTHORITIES

I.      INTRODUCTION

Folsom's refusal to comply with the California Voting Rights Act in a timely manner no longer has anything to do with N-48-20.   The safe harbor for voluntary compliance lapsed on October 27, 2021.   The continued jurisdiction of this Court is essential (1) to ensure that Folsom does not conduct at-large elections in 2022 and (2) to resolve the award of fees and expenses mandated by Elections Code, Section 14030 in the event the parties are unable to agree.

The City Attorney has publicly acknowledged that Folsom City Council could not maintain control over how the districts are drawn once it allowed the safe harbor to pass.[1]  From that point, this Court exercises jurisdiction, with very broad remedial authority. Jauregui v. City of Palmdale (2014) 226 Cal.App.4th 781, 806.  If the Court removes this incentive to adopt lawful maps in a timely fashion, the CVRA becomes unenforceable.  (The motion also gives rise to a concern that the payments required by Elections Code, Section 10010(f) and 14030 may not be resolved without application to this Court.)

To retain control over the map and sequence, Folsom was required to pass a non-binding resolution of intent to comply (which it did on July 27, 2021), complete hearings and pass an ordinance within 90 days thereafter (by October 27, 2021), and then to reimburse plaintiffs' expenses up to $34,880 (by November 26, 2021[2]).  The 90-day deadline does not exist simply to mitigate the impact of the fee cap; it is essential to promote sustained public participation. Section 10010(e)(C)(i)[3] does not permit plaintiffs to accept an extension unless the jurisdiction

---

[1] The City Attorney announced "Voluntarily committing to making a switch to district-based election safeguards the City's financial resources and maintains local control over how the City's districts will be drawn." Staff Report, Jan. 12, 2021, at 4.

[2] The City has 45 days from the presentation of the claim.

[3] (C) (i) A political subdivision and the prospective plaintiff who first sends a notice pursuant to paragraph (1) may enter into a written agreement to extend the time period described in subparagraph (B) for up to an additional 90 days in order to provide additional time to conduct public outreach, encourage public participation, and receive public input. The written agreement shall include a requirement that the district boundaries be established no later than six months before the political subdivision's next regular election to select governing board members....

PAGE 2
PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

guarantees that it will comply six months before its next regular election. Folsom declined to make that guarantee. Instead, the City Council unilaterally delayed the hearings over seven months (July 27, 2021-present), greatly increasing the demand on plaintiffs' resources, deferring their compensation and, more critically, threatening to exhaust the public's attention. Folsom's proposed map and election sequence may still be entitled to deference by this Court, provided they comply with Section 10010(b) (sequencing to benefit protected class), Section 21601, et seq. (FAIR MAPS Act, including bar on partisan gerrymandering), and 52 U.S.C. §10301(b) (Voting Rights Act). Therefore, plaintiffs have intensively participated in the long delayed legislative hearings, instead of rushing to this Court with their own remedy, which will soon be necessary if the protracted hearings fail to produce a lawful map and sequence. The claim that "plaintiffs have not diligently prosecuted this action" ignores the burdens of participating in these hearings and contributing valuable work product. These efforts should have been completed and compensated months ago.

The Council has declined to schedule enactment of any ordinance until April 8, 2022. Folsom can give no assurance that the ordinance will pass on that date (when there will be limited opportunity to try any challenge before the November election).

## II.    THE MOTION IS UNCLEAR AND UNTIMELY.

Plaintiffs are prejudiced by the absence of a proposed order or any clear statement of what the motion is seeking, since it does not apply for entry of judgment or seek termination of the action. The motion refers to Rule 3.1320(h), which allows for "A motion to dismiss the entire action and for an entry of judgment," but that is not the relief it seeks. Instead, the text only asks (at 2, 3) that the Court "dismiss City of Folsom from the entire action with prejudice." CVRA actions have alternatively named a city council or its members in their official capacity as defendants, but they have not been named or served in this case. Since Folsom never seeks an entry of judgment, it is unclear the extent to which action on the motion could have preclusive effect or interfere with future applications to this Court.

PAGE 3
PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

Folsom states no legitimate basis for the court to dismiss this action, <u>with prejudice</u>, which may be a prelude to arguments that the City is immune from complying indefinitely. Plaintiffs' failure to amend did not reflect futility or neglect, but a prudent decision to await rescission of N-48-20.

The Motion does imply that dismissal <u>of the action</u> is an automatic entitlement. "A defendant may obtain dismissal of an action after a demurrer to the complaint is sustained with leave to amend and the plaintiff fails to amend the complaint within the time." Code of Civil Procedure, Section 5819(f)(2) is a procedure. It does not make dismissal mandatory. <u>Kruss v. Booth</u> (2010) 185 Cal.App.4th 699 (discussed below).

Even more confusingly, the City Attorney has already represented to the City Council and the public that he "was able to have the lawsuit dismissed."[4] His erroneous claim that the demurrer automatically terminated the litigation does not excuse the nine-month delay of apparent attempt to constrain continued prosecution of the Complaint, which would acutely prejudice plaintiffs and is contrary to the public interest. If Folsom successfully applied for entry of judgment shortly after April 20, 2021, when it now suggests Plaintiffs abandoned the litigation, an appeal could have been taken. If plaintiffs prevailed, jurisdiction would have been restored to this Court in time to enforce the CVRA before the 2022 election.

At the same time that the City Attorney stated that this action was "dismissed," he made clear that the safe harbor periods relating to this action had begun to run on July 1, 2021. Plaintiffs relied on that representation as conceding the jurisdiction of this Court if the City Council did not adopt districts within the safe harbor. Details of plaintiffs' efforts to confer to reconcile the reference to "dismissal," to prepare the case management statement, and to clarify the City's intended process will be made available at the Court's request but may not be necessary to resolve this motion.

---

[4] Agenda Packet, July 27, 2021, p.337.

PAGE 4
PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

III.    PLAINTIFFS ARE ENTITLED TO STAND ON THEIR ORIGINAL PLEADING.

The demurrer ruling allowed plaintiffs to "plead and prosecute a mandamus action to enforce the CVRA." Plaintiffs understood that "sustaining demurrers with leave to amend are not res judicata, collateral estoppel, law of the case, or any other claim or issue-precluding disposition." Kruss v. Booth (2010) 185 Cal.App.4th 699, 712. The order of March 17, 2021 did not provide for automatic dismissal if plaintiffs chose to stand on the original complaint until after the Executive Order expired.[5]

When this Court sustained the constitutionality of E.O. 48-N-20, it ruled: "Plaintiffs have not _yet_ exhausted the administrative remedy provided under Elections Code section 10010 which is a prerequisite to commence their CVRA action [under Section 14032]." [emphasis supplied] The Court acknowledged that plaintiffs had the alternative of a mandamus action, but they elected to wait out the moratorium, so that they could enjoy the protections of Section 14032.

Plaintiffs made the right choice. The civil action authorized by Section 14032 eliminates challenging procedural and substantive elements that frequently prevent plaintiffs from succeeding in a mandamus proceeding. The CVRA also provides protection from an award of court costs and attorneys' fees should they not prevail. Furthermore, if plaintiffs had accepted the invitation to replead, they could have precluded themselves from maintaining the civil action once the safe harbor lapsed, as has now occurred. County of Santa Clara v. Atlantic Richfield Co. (2006) 137 Cal.App.4th 292, 312; Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Cambridge Integrated Servs. Grp., Inc (2009), 171 Cal. App. 4th 35, 44–45.

Kruss v. Booth explains why Cano v. Glover (2006) 143 Cal.App.4th 326, 330, Folsom's only authority, does not support dismissal. In the instant case, plaintiffs were not granted leave to add essential facts, in which case failure to amend could imply neglect or abandonment,

---

[5] Harlan v. Department of Transp (2005) 132 Cal.App.4th 868, 875 _distinguishing_ demurrer with leave to amend from Lincoln Holding Corp. v. Union Indem. Co. (1933) 129 Cal.App. 399, 401-402, where "a motion [for judgment] "by its terms, became an order granting the motion when the plaintiff failed to file an amended complaint by a stated date."

PAGE 5
PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

justifying entry of judgment. <u>Kruss</u>, 185 Cal.App.4th at 713 & n.14.  By contrast, a failure to amend does not preclude either the Superior Court or the Court of Appeal from reconsidering a question of law.  A litigant who declines to amend after a demurrer is sustained can even propose an amendment on appeal to cure a legal defect. 185 Cal.App.4th at 712.  Here there is nothing to reconsider and no need to amend.  The legal barrier has expired.

IV.    PLAINTIFFS SHOULD NOT BE PENALIZED FOR DEFERRING AN APPEAL ON AN EXOTIC QUESTION THAT PLAINTIFFS LEGITIMATELY EXPECTED TO BECOME MOOT.

If this Court does enter final judgment, plaintiffs reserve the right to appeal that there was no rational basis for N-48-20 to allow plaintiffs to enforce the CVRA during the pandemic, but only if they forfeited the advantages of Section 14032, including its protections regarding attorneys' fees.  Plaintiffs had to face that choice when they prudently declined this Court's invitation to replead.[6]

On appeal, plaintiffs can propose amending the complaint to state any cause of action that is currently viable, even at oral argument. <u>Kruss</u>, *supra.*  Even after a failure to amend, the Court of Appeal reviews to determine if the <u>unamended</u> complaint is objectionable on any ground raised by demurrer.  <u>Otworth v. Southern Pacific Transp. Co.</u> (1985) 166 Cal.App.3d 452, 458.  The motion does not show how Folsom could defend an appeal in light of its decision to violate the safe harbor after tolling expired.  The delayed timing of Folsom's motion would be to force plaintiffs to take any appeal at the worst possible time - when it would likely divest the jurisdiction of this Court until after the 2022 election.  Unless Folsom provides some argument that it could defend against an appeal, the Court should reject the motion to dismiss as dilatory.

V.     TIME HAS RENDERED FOLSOM's DEFENSE MOOT.

As a general principle, particularly regarding suits against public entities, a defense based on premature filing is cured by the passage of time.  Section 10010(e) has a purpose similar to

---

[6] Although no amendment is needed, the Court would have discretion to authorize a late-filed amendment because there is no prejudice to the party which demurred. *See* <u>Harlan,</u> *supra*, 132 Cal.App.4th at 871.  Folsom does not, and cannot, claim prejudice.

PAGE 6
PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

the cure period required by the Government Claims Act - to give the public entity the opportunity to investigate and cure before suit is brought. If a plaintiff files a proper claim and prematurely goes to court, but the agency does not settle before the cure period ends, the case can no longer be dismissed. State of California v. Superior Ct. (2004) 32 Cal.4th 1234, 1243-45.

## VI.    CONCLUSION

The Court should not dismiss this action, with or without prejudice.[7] Final judgment should not enter until and unless the Court either (1) establishes a district map and sequence or (2) determines after trial that Folsom is not in violation of the CVRA. If the Folsom City Council adopts a district map in the near future, plaintiffs will promptly address whether its ordinance constitutes an appropriate remedy that complies with state and federal law. If this does not occur, the Court should not prejudice plaintiffs' ability to seek an alternative remedy.

Dated this 27th day of January 2022          Respectfully submitted

*Scott Rafferty*

Scott J. Rafferty

---

[7] The text of the motion seeks to dismiss Folsom from the action, and does not seek entry of judgment. The City is the only defendant named or served, but the Council and its members (in their official capacities) are also sufficient as named defendants in a CVRA action.
PAGE 7
PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

RECEIVED
LAW AND MOTION DROP BOX

2022 JAN 27   PM 3: 50

GDSSC COURTHOUSE
SUPERIOR COURT
OF CALIFORNIA
SACRAMENTO COUNTY