# EXHIBIT AC

STEVEN WANG, State Bar No. 191168
City Attorney
SARI MYERS DIERKING, State Bar No. 226805
Assistant City Attorney
City of Folsom
50 Natoma Street
Folsom, CA 95630
Telephone: (916) 461-6025
Facsimile: (916) 351-0536

Attorneys for Defendant
CITY OF FOLSOM

FILED/ENDORSED
FEB 02 2022
By: E. Macdonald
Deputy Clerk

*(Filing Fee Exempt: Gov. Code § 6103)*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SACRAMENTO

| | |
|---|---|
| HARI SHETTY, KAVITA SOOD, and NEIGHBORHOOD ELECTIONS NOW<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF FOLSOM, *et al.*,<br><br>Defendants. | Case No. 34-2020-00291639<br><br>CITY OF FOLSOM'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS<br><br>Date: February 10, 2022<br>Time: 1:30 p.m.<br>Dept.: 53<br>Judge: Hon. Shama H. Mesiwala<br><br>Reservation No.: 2613120<br><br>Complaint Filed: December 31, 2020 |

## INTRODUCTION

Plaintiffs' Opposition to the City of Folsom's Motion to Dismiss focuses largely on the merits of the litigation, which are in dispute[1]. However, this motion is procedural in nature and the parties' opposing views on the merits should have no effect on the outcome here. The relevant facts are these: the Court sustained the City of Folsom's demurrer to Plaintiffs' complaint with leave to amend and, although months have passed since the Court's Order and the allotted time for amendment has expired, no amended Complaint has been filed. The City of

---
[1] The City of Folsom denies Plaintiffs' allegations that it has violated or is violating the California Voting Rights Act.

1 Folsom now moves for dismissal and dismissal with prejudice is proper.

## ARGUMENT

Code of Civil Procedure section 581(f)(2) "gives the defendant the right to obtain a court order dismissing the action with prejudice once the court sustains a demurrer with leave to amend and the plaintiff has not amended within the time given." (*Parsons v. Umansky* (1994) 28 Cal.App.4th 867, 870, citing *Wells v. Marina City Properties, Inc.* (1981) 29 Cal.3d 781, 789.) After the time to amend has passed, if no amendment is filed, the defendant may obtain dismissal of the action – with prejudice - by ex parte application. (CCP § 581(f)(2); Cal. Rule of Court 3.1320(h); *Cano v. Glover* (2006) 143 Cal.App.4th 326, 329-330; *Leader v. Health Industries of America* (2001) 89 Cal.App.4th 603, 613-614.) No formal motion is required to obtain the order of dismissal. (*Sadler v. Turner* (1986) 186 Cal.App.3d 245, 250.) No findings or statement of reasons need be given by the Court in granting a motion to dismiss after the time to amend has expired. (*Harding v. Collazo* (1986) 177 Cal.App.3d 1044, 1056.)

Plaintiffs ignore the above-referenced authorities and instead attempt to argue the merits of a case that has not been pled. Plaintiffs' Opposition alleges new facts not contained in the Complaint and relies on those new facts to argue that the Motion to Dismiss should be denied. This attempt is contrary to the standard rules of pleading and practice (CCP §§ 425.10(a); 430.10(e)) and is not a proper basis for denial of the Motion to Dismiss.

Even if Plaintiffs proposed filing an amended complaint, that would not require the Court to deny this Motion. (See *Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 614.) When faced with a similar situation, the Court of Appeal "disagree[d] with plaintiffs' contention that their presentation of the belated, unfiled complaint at a status conference before defendants had filed a motion to dismiss operated, in and of itself, to cut off the court's ability to dismiss the action on defendants' subsequent motion." (*Ibid.*) The same reasoning applies with added force in this case, where Plaintiffs make no proposal to amend and insist they are entitled to stand on the original complaint.

Generally, "[t]he failure to amend is an admission that the plaintiff has stated the case as

1  strongly as he can and there are no facts that could be alleged to cure the defect." (*Reynolds v.
2  Bement* (2005) 36 Cal. 4th 1075, 1091 (overruled in part on other grounds in *Martinez v Combs*
3  (2010) 49 Cal.4th 35, 66); see also *Cano, supra,* 143 Cal.App.4th at pp. 329-330.) It has long been
4  held that when a plaintiff fails to amend its complaint within the time specified, the right of the
5  plaintiff to do so ceases. (*Lincoln Holding Corp. v. Union Indem. Co.* (1933) 129 Cal.App. 399,
6  401.) In this case, Plaintiffs were given the opportunity to amend, but they chose not to do so. In
7  fact, the time allowed by the Court for amendment expired ten months ago. As such, dismissal
8  with prejudice is proper. (CCP § 581(f)(2); CRC 3.1320(h); *Wells, supra,* 29 Cal.3d 789; *Cano,
9  supra,* 143 Cal.App.4th at pp. 329-330; *Leader, supra,* at p. 89 Cal.App.4th 603, 613-614.)

Attempting to avoid that result, Plaintiffs cite *Kruss v. Booth* (2010) 185 Cal.App.4th 699, which is distinguishable and does not change the outcome here. *Kruss* was a complicated shareholder derivative suit involving allegations of self-dealing and the breach of fiduciary duties. One of the main questions on demurrer was whether California or Nevada law applied to the case. The initial complaint did not specify which jurisdiction's law applied and that issue was the subject of a demurrer, which was sustained with leave to amend. (*Id.* at p. 707.) The plaintiff eventually amended the complaint to allege that California law applied; a demurrer followed and it was sustained with leave to amend. (*Id.* at p. 710.) The plaintiff amended again, this time alleging that Nevada law applied. (*Ibid.*) A subsequent demurrer was sustained without leave to amend and the plaintiff appealed. (*Id.* at p. 712.) On appeal, the defendants argued that the choice of law issue had been waived because the plaintiff did not amend the original complaint in a timely manner. (*Ibid.*) It was in this context that the Court of Appeal for the Fourth District stated that *Cano v. Glover* was distinguishable. (*Id.* at p. 713.) Unlike this case, the plaintiff in *Kruss* amended the complaint twice after demurrers were sustained with leave to amend, attempting to address the choice of law issue and other legal deficiencies identified by the trial court before a demurrer was sustained without leave to amend. (*Id.* at pp. 709, 710.) The procedural and factual history of *Kruss*, as well as the legal issues analyzed by the Court, are markedly different from this case and those differences make *Kruss* inapposite.

*Harlan v. Department of Transportation* (2005) 132 Cal.App.4th 868, 875, cited by Plaintiffs, is also distinguishable. In *Harlan*, the plaintiff was given 10 days to amend his first amended complaint after a successful demurrer by the defense. (*Id.* at p. 872.) The plaintiff filed a second amended complaint, but not until 18 days had passed. (*Ibid.*) The defendant objected, arguing that the second amended complaint was untimely, but the appellate court held that the trial court acted within its discretion in allowing the second amended complaint to be filed eight days late, without a noticed motion. (*Id.* at pp. 872-873.) No amended complaint was proposed, much less filed in this case, so *Harlan* is not on point.

Plaintiffs also feign ignorance of the purpose behind this Motion to Dismiss and attempt to create confusion as to the relief requested. The instant Motion requests a dismissal of Defendant City of Folsom from this action with prejudice. As the City of Folsom is the only named defendant in the case, a necessary corollary is that the entire action should be dismissed with prejudice. A Notice of Entry would follow any Court Order to that effect. The underlying demurrer, which was sustained with leave to amend, requested that Plaintiffs' complaint be dismissed. By failing to amend within the time allowed by the Court, Plaintiffs can have no legitimate surprise that the City now requests dismissal of the entire action with prejudice[2].

Ultimately, Plaintiffs appear to argue that the Court's Minute Order following the demurrer either expired or became moot with the passage of time. A review of the Order establishes that it had no time limit and was not conditional. Similarly, the passage of time has not transformed the Complaint into a viable pleading. To the extent that facts not contained in the Complaint form the basis for Plaintiffs' allegations against the City, the responsibility to properly plead those facts rests with Plaintiffs. They were given the opportunity to amend but chose not to do so. Under the circumstances, the law is clear: dismissal with prejudice should be granted.

---

[2] Plaintiffs argue that dismissal with prejudice is improper in this case, but they are mistaken. As explained by the California Supreme Court, a judgment of dismissal after the sustaining of a demurrer "is a judgment on the merits to the extent that it adjudicates that the facts alleged do not constitute a cause of action. If, on the other hand, new or additional facts are alleged that cure the defects in the original pleading, it is settled that the former judgment is not a bar to the subsequent action whether or not plaintiff had an opportunity to amend his complaint." (*Wells v. Marina City Properties, Inc.* (1981) 29 Cal.3d 781, 789.) As such, dismissal with prejudice is proper. (*Id.* at p. 790.)

## CONCLUSION

Ten months ago, the Court granted Plaintiffs leave to amend the Complaint following the City of Folsom's successful demurrer. The time allowed for amendment has long since expired, and Plaintiffs have neither filed an amended complaint nor proposed doing so. Plaintiffs believe they can stand on the allegations of the Complaint, but the Court already determined that the Complaint fails to state facts sufficient to constitute a cause of action. Therefore, and for the foregoing reasons, the City of Folsom respectfully requests that its Motion to Dismiss be granted and that the Complaint be dismissed with prejudice.

Dated: February 2, 2022

SARI MYERS DIERKING
Assistant City Attorney
Attorney for Defendant, CITY OF FOLSOM

POS-050/EFS-050

| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: 191168<br>NAME: Steven Wang<br>FIRM NAME: City of Folsom<br>STREET ADDRESS: 50 Natoma Street<br>CITY: Folsom    STATE: CA    ZIP CODE: 95630<br>TELEPHONE NO.: (916) 461-6025    FAX NO.:<br>E-MAIL ADDRESS: swang@folsom.ca.us<br>ATTORNEY FOR (name): Defendant CITY OF FOLSOM | FOR COURT USE ONLY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO<br>STREET ADDRESS: 920 Ninth Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Sacramento, CA 95814<br>BRANCH NAME: Gordon D. Schaber | |
| PLAINTIFF/PETITIONER: HARRI SHETTY et al<br>DEFENDANT/RESPONDENT: CITY OF FOLSOM | CASE NUMBER:<br>34-2020-00291639 |
| | JUDICIAL OFFICER:<br>Hon. Shama H. Mesiwala |
| PROOF OF ELECTRONIC SERVICE | DEPARTMENT:<br>53 |

1. I am at least 18 years old.

    a. My residence or business address is (specify):
       50 Natoma Street, Folsom, CA 95630

    b. My electronic service address is (specify):
       ssaldutti@folsom.ca.us

2. I electronically served the following documents (exact titles):
   CITY OF FOLSOM'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

   ☐ The documents served are listed in an attachment. (Form POS-050(D)/EFS-050(D) may be used for this purpose.)

3. I electronically served the documents listed in 2 as follows:

    a. Name of person served: Scott Rafferty

       On behalf of (name or names of parties represented, if person served is an attorney):
       Plaintiffs HARRI SHETTY, et al.

    b. Electronic service address of person served:
       rafferty@gmail.com

    c. On (date): February 2, 2022

       ☐ The documents listed in item 2 were served electronically on the persons and in the manner described in an attachment. (Form POS-050(P)/EFS-050(P) may be used for this purpose.)

Date: February 2, 2022

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Stacy Saldutti
(TYPE OR PRINT NAME OF DECLARANT)    ▶ [signature] (SIGNATURE OF DECLARANT)

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
POS-050/EFS-050 [Rev. February 1, 2017]

**PROOF OF ELECTRONIC SERVICE**
(Proof of Service/Electronic Filing and Service)

Cal. Rules of Court, rule 2.251
www.courts.ca.gov

For your protection and privacy, please press the Clear This Form button after you have printed the form.    [Print this form]  [Save this form]    [Clear this form]

# PROOF OF SERVICE

I, Stacy Saldutti, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 50 Natoma Street, Folsom, CA 95630. On February 2, 2022, I served the within documents:

**1. CITY OF FOLSOM'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS**

☐ by delivering the document listed above via electronic mail to the email address set forth below.

☐ by transmitting via facsimile from (916) 351-0536 the above listed document(s) without error to the fax number(s) set forth below on this date before 5:00 p.m. A copy of the transmittal/confirmation sheet is attached.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Folsom, California addressed as set forth below.

☐ by causing personal delivery by _____ of the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Scott Rafferty
1913 Whitecliff Court
Walnut Creek, CA 94596
rafferty@gmail.com

I am readily familiar with the City of Folsom's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and that this proof of service was executed on February 2, 2022, at Folsom, California.

*/s/ Stacy Saldutti*
Stacy Saldutti

# PROOF OF SERVICE

I, Stacy Saldutti, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 50 Natoma Street, Folsom, CA 95630. On February 3, 2022, I served the within documents:

**1. CITY OF FOLSOM'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS**

☐ by delivering the document listed above via electronic mail to the email address set forth below.

☐ by transmitting via facsimile from (916) 351-0536 the above listed document(s) without error to the fax number(s) set forth below on this date before 5:00 p.m. A copy of the transmittal/confirmation sheet is attached.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Folsom, California addressed as set forth below.

☐ by causing personal delivery by _____ of the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☒ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Sacramento Superior Court
Hall of Justice Building
813 6th Street, 1st Floor
Sacramento, CA  95814

I am readily familiar with the City of Folsom's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and that this proof of service was executed on February 3, 2022, at Folsom, California.

_____
Stacy Saldutti

[Received stamp: LAW AND MOTION DROP BOX / 2022 FEB -3 AM 8:52 / G3SSC COURTHOUSE / SUPERIOR CT. JDSS / OF CALIFORNIA / SACRAMENTO COUNTY]