# EXHIBIT AD

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SACRAMENTO
GORDON D SCHABER COURTHOUSE

MINUTE ORDER

DATE: 02/10/2022  TIME: 01:30:00 PM  DEPT: 53
JUDICIAL OFFICER PRESIDING: Richard K. Sueyoshi
CLERK: K. Madden
REPORTER/ERM:
BAILIFF/COURT ATTENDANT: N. Alvi, J. Reilly

CASE NO: **34-2020-00291639-CU-CR-GDS** CASE INIT.DATE: 12/31/2020
CASE TITLE: **Shetty vs. City of Folsom**
CASE CATEGORY: Civil - Unlimited

**EVENT TYPE**: Motion to Dismiss - Civil Law and Motion

**APPEARANCES**
No Appearance by all parties

**Nature of Proceeding: Motion to Dismiss**

**TENTATIVE RULING**

Defendant City of Folsom's motion to dismiss pursuant to CCP § 581(f)(2) is denied.

Plaintiffs Hari Shetty, Kavita Sood and Neighborhood Elections Now's allege a single claim for violation of the California Voting Rights Act ("CVRA"). Plaintiffs alleged that Defendant violated Elections Code 14027 and 14028. The gist of the complaint is that Defendant failed to take certain action regarding changing the methods by which City Council members are elected within timeframes set forth in the Elections Code.

Defendant's demurrer to Plaintiffs' complaint was sustained with leave to amend on March 17, 2021 on the basis that Plaintiffs had not exhausted the administrative remedy provided under Elections Code § 10010 which is a prerequisite to commence their CVRA action and requires a plaintiff to wait 45 days to file an action after providing written notice that a political subdivision's manner of conducting elections may violate the CVRA. In its ruling, the Court addressed how the Governor had issued Executive Order N-48-20 which suspended certain timelines in the Election Code. The ruling stated that "Governor Newsom's Executive Order N-48-20 suspended the running of the 45-day period during which Folsom was to have an opportunity to 'pass a resolution outlining its intention to transition from at-large to district-based elections, specific steps it will undertake to facilitate this transition, and an estimated timeframe for doing so.' The 45-day and 90-day periods in Election Code section 10010 are intended to provide Folsom with an opportunity to voluntarily remedy the Plaintiffs' claims of a CVRA violation by transitioning to a different election method that has first been fully considered by Folsom and its electorate. That process includes public hearings of direct interest and consequence to every resident in Folsom who would be entitled to have their voices heard on the question and any transition plans. The Governor's Executive Order N-48-20 suspending both timeframes was expressly issued to protect the public health and safety during the pandemic and to preserve the rights of Folsom's entire constituency to meaningfully participate in the decision as to whether to transition from at-large elections, and if so, in what manner. The Governor determined that compelling such important public hearings during the pandemic could disenfranchise the public from these significant decisions that are so fundamental to

CASE TITLE: Shetty vs. City of Folsom  CASE NO: **34-2020-00291639-CU-CR-GDS**

Case 2:22-cv-00534-JAM-JDP   Document 1-30   Filed 03/23/22   Page 3 of 5

their voting rights." (ROA 24)  The Court's ruling noted that "Plaintiffs indicate that they could allege claims that are not subject to the Elections Code section 10010 and the suspension under Governor Newsom's Executive Order N-48-20.  Specifically, Plaintiffs indicate that they could also plead and prosecute a mandamus action to enforce the CVRA, and additional claims for intentional vote dilution under 52 U.S.C §1030I(b), 42 U.S.C §§1983, 1988, and the 14th and 15th Amendments of the United States Constitution" and for that reason sustained the demurrer with leave to amend.  Plaintiffs were given until April 2, 2021 to file an amended complaint.  Plaintiffs failed to do so.

Defendant now moves to dismiss pursuant to CCP § 581(f)(2) which provides that, where a demurrer has been sustained with leave to amend and the plaintiff fails to amend within the time allotted by the court, the court may dismiss the complaint where either party moves for dismissal.  Dismissal is with prejudice.  Section 581(f)(2) "gives the defendant the right to obtain a court order dismissing the action with prejudice once the court sustains a demurrer with leave to amend and the plaintiff has not amended within the time given."  (*Parsons v. Umansky* (1994) 28 Cal.App.4th 867, 870.)

Plaintiffs oppose the motion.  The Court first rejects Plaintiffs' argument that Defendant's motion is not clear.  The brief motion is quite clear.  That is, Defendant simply argues that the Court sustained the demurrer with leave to amend and because Plaintiffs failed to amend, it is entitled to dismissal with prejudice under CCP § 581(f)(2).

It is the opposition that is not entirely clear.  The Court must note that Plaintiffs' opposition contains numerous unsupported references to conduct occurring at City Council meetings or statements made by Defendant's counsel regarding this matter being dismissed.  None of these factually unsupported assertions have anything to do with the simple question of whether Defendant is entitled to dismissal under CCP § 581(f)(2) because Plaintiffs have not filed an amended complaint.

While Plaintiffs contend that the motion is untimely, this is incorrect.  CCP § 581(f)(2) does not provide any deadline for when a motion to dismiss for failure to amend after a demurrer is sustained with leave to amend and the complaint is not amended must be brought.

Plaintiffs' real argument appears to be that there was no need for them to file any amended complaint.  Apparently, despite the Court's ruling which sustained the demurrer with leave to amend to allege claims that were not subject to the Elections Code administrative remedies and/or vote dilution, which was based on their own arguments in opposition to Defendant's demurrer, they now claim the complaint is sufficient.  Of course, this would amount to a contention that the Court was incorrect.  Yet, Plaintiffs never challenged that ruling, for example, by moving to reconsider and it is too late to do so at this point.  They argue that by declining the Court's "invitation" to replead and possibly bring a mandamus action, they could have precluded themselves from maintaining this action once the safe harbor provisions in the CVRA lapsed which they state now have passed.  It appears that Plaintiffs are contending that the timeframes which the Court highlighted as suspended by the Governor's executive order in the ruling on the demurrer have passed since the executive order has expired.  Thus, as best the Court can tell, Plaintiffs are contending that they have exhausted administrative remedies, apparently through the passage of time.  But these contentions have not been alleged in any complaint, or for that matter substantiated by any factual showing.  Instead Plaintiffs simply make assertions in the opposition memorandum.

The Court notes that Plaintiffs, without much discussion, cite to case law indicating that a court properly refused to dismiss a complaint where the plaintiff timely filed a Government Tort Claim but prematurely filed the complaint, or where a complaint was prematurely filed against a public entity before obtaining leave to present a late Government Tort Claim and then after leave was obtained from the court, did not amend the complaint to allege such leave was obtained.  (*State v. Superior Court* (2004) 32 Cal.4th 1234, 1243-1244 [collecting cases].)  Dismissal was not proper under the circumstances because the

CASE TITLE: Shetty vs. City of Folsom                   CASE NO: **34-2020-00291639-CU-CR-GDS**

Case 2:22-cv-00534-JAM-JDP   Document 1-30   Filed 03/23/22   Page 4 of 5

plaintiff in either scenario had substantially satisfied the claims presentation requirement. But here, these cases do not assist Plaintiffs because their arguments are not premised on satisfaction of the claims presentation requirements under the Government Tort Claims act. Plaintiffs appear to argue that Elections Code § 10010 serves a similar purpose to the Government Tort Claims Act because it allows the public entity the ability to investigate and cure before a suit under the CVRA is brought. The Government Tort Claims Act requires presentation of a timely claim to the requisite public entity and then requires that the plaintiff wait a certain amount of time for the to act on the claim prior to bringing an action. (Gov.'t Code § 945.4.) Elections Code § 10010(e)(1)-(2) generally requires a prospective plaintiff to send written notice to the political subdivision regarding potential CVRA violations and an action may not be commenced within 45 days. The timeframe may be extended to 90 days if certain conditions occur. (Elections Code § 10010(e)(3)(B).) Even if the Court were to agree with this point in the abstract, there is nothing in connection with the opposition which would allow the Court to conclude that Plaintiffs have substantially complied with the requirements of Elections Code § 10010. Where Courts have found substantial compliance with the claims presentation under the Tort Claims Act where a timely claim was submitted to a public entity and the complaint was filed before the time for the public entity to act on the claim had passed, it was clear when the time lines had passed. But as noted in the Court's ruling on the demurrer, the Election Code timeframes were suspended by Executive Order N-48-20. There are no allegations in the complaint which would show when the Executive Order N-48-20 lapsed, and/or when the Elections Code timelines began to run again and/or when Defendant failed to act after the timelines began to run again. In fact the allegations of the complaint alleged that Plaintiffs provided notice of a potential violation in October 2020 after the subject Executive Order had already suspended the timelines. At most, Plaintiffs offer unsupported assertions regarding factual events that have transpired since the Court sustained the demurrer in March 2021.

Plaintiffs also appear to contend that they were not given leave to add any additional facts when the Court sustained the demurrer with leave to amend and that orders sustaining demurrers with leave to amend are not "res judicata, collateral estoppel, law of the case, or any other claim-or issue-precluding disposition." (*Kruss v. Booth* (2010) 185 Cal.App.4th 699, 712.) The Court is not clear what Plaintiffs are trying to argue in this regard. The Court most certainly gave leave to amend to allow Plaintiffs to allege additional facts as seen from the ruling discussed above. Further, the fact that an order sustaining a demurrer with leave to amend is res judicata/collateral estoppel has no bearing on whether a complaint should be dismissed pursuant to CCP § 581(f)(2) after the plaintiff fails to amend after a demurrer has been sustained with leave to amend.

Plaintiffs' opposition also makes reference to the City Council and/or City Council members as being proper parties in a CVRA action yet Plaintiffs have not named any parties other than Defendant.

Notwithstanding the points addressed above, the Court will not at this time dismiss the complaint. In making this ruling, the Court must stress that dismissal pursuant to CCP § 581(f)(2) is discretionary. "But section 581, subdivision (f)(2), places the decision within the court's discretion." (*Harlan v. Dep't of Transportation* (2005) 132 Cal.App.4th 868, 874.) Indeed, the Court has the discretion to accept an untimely amendment even without a prior noticed motion. (*Id.*) The Court will afford Plaintiffs an opportunity to amend the complaint to set forth the facts regarding the administrative exhaustion issues which they contend have been satisfied by the passage of time since the Court's ruling on the demurrer in March 2021 and which otherwise previously rendered the complaint vulnerable to demurrer.

As a result, the Court exercises its discretion to deny the motion to dismiss and will allow Plaintiffs another opportunity to file an amended complaint.

Given this conclusion, the Court need not address the other points raised in opposition which were not specifically addressed above.

CASE TITLE: Shetty vs. City of Folsom                    CASE NO: **34-2020-00291639-CU-CR-GDS**

Case 2:22-cv-00534-JAM-JDP   Document 1-30   Filed 03/23/22   Page 5 of 5

Plaintiffs shall file and serve amended complaint no later than February 22, 2022. Defendant shall file and serve its response within 30 days thereafter, 35 days if the amended complaint is served by mail as modified by the CCP § 430.41 extension as necessary.

The Court will note that in the event Plaintiffs again decline to amend the complaint, and a motion to dismiss is filed with all other circumstances being unchanged, granting the motion to dismiss pursuant to CCP § 581(f)(2) will be more probable.

The minute order is effective immediately. No formal order pursuant to CRC rule 3.1312 or other notice is required.

**COURT RULING**

There being no request for oral argument, the Court affirmed the tentative ruling.