# EXHIBIT 12

**Daniel Richards**

| | |
|---|---|
| **From:** | Scott Rafferty <rafferty@gmail.com> |
| **Sent:** | Thursday, March 24, 2022 8:21 PM |
| **To:** | Daniel Richards |
| **Cc:** | Jeffrey Dunn; Kerry Keefe; Steven Wang |
| **Subject:** | Re: Shetty v Folsom |

**CAUTION - EXTERNAL SENDER.**

The evening before the one day when you know I am unavailable, it is just as impossible for me to research or confer meaningfully on the cases you cite. Your email emphasizes the lack of good faith in refusing my request to confer last week.

But I will correct one spectacular misstatement of fact in your most recent email, the significance of which you very much understand. Mr. Wang DID file a motion to dismiss in state court after receiving the amended complaint (asserting fraudulent claims regarding its service and filing). Rule 81c2C only permits objections "under these rules," Under rule 12g2 & h2, you are expressly prohibited from filing another motion to dismiss. To the extent any of your new arguments has a good faith basis, it can only be stated after you file an answer and move for judgment on the pleadings (rule 12c). It doesn't look like they have much merit anyway, but we won't be tolerating more procedural abuses.

They only purpose of these dilatory and vexatious maneuvers is to guarantee that your firm will bill large sums to the city of Folsom, which will ultimately pay the even greater costs that it has imposed on me and my clients.

Please confirm that the City will answer the complaint or offer judgment.

Dictated on my iPhone


On Thu, Mar 24, 2022 at 4:07 PM Daniel Richards <Daniel.Richards@bbklaw.com> wrote:

> Hello Mr. Rafferty,
>
>
> We initiated an effort to meet and confer slightly less than one hour after our receipt of the Order re Filing Requirements for Cases Assigned to Judge Mendez, which imposes the requirement to meet and confer in advance of a motion to dismiss, as shown in the attached. We have subsequently requested to meet and confer at any time, whether before or after regular business hours, that you are available to discuss. If you can make any time available this evening, or anytime tomorrow, we would appreciate you letting us know when you might have a few minutes to discuss the topics identified in the attached Order re Filing Requirements for Cases Assigned to Judge Mendez. If it is impossible to telephonically meet and confer, perhaps we could attempt to do so through emails.

1

Below is a brief articulation of the basis for the contemplated motion. We would of course be prepared to discuss the factual and legal basis for the motion in much more depth on a call, as well as any potential resolution short of a motion.

The first cause of action fails because it is based on allegations concerning the use of an at-large voting system, and the City has now transitioned to a by-district election system (Ordinance No. 1324). The claim is therefore moot, and fails to state a claim based on matters that are subject to judicial notice. *See, e.g.*, *Bd. of Trustees of Glazing Health & Welfare Tr. v. Chambers*, 941 F.3d 1195, 1198 (9th Cir. 2019).

The second cause of action fails because (1) the Amended Complaint does not (and cannot in any amended complaint) satisfy the *Gingles* preconditions in order to state an "effect" claim under Section 2, and fails to allege facts sufficient to state a claim of intentional discrimination that overcomes the presumption of good faith that is plausible on its face. *See, e.g.*, *Abbott v. Perez*, 138 S. Ct. 2305 (2018); *Miller v. John*son, 515 U.S. 900 (1995); *Easley v. Cromartie*, 532 U.S. 234, 241–42 (2001); *Bush v. Vera*, 517 U.S. 952, 968 (1996); *Brnovich v. Democratic Nat'l Comm.*, 141 S. Ct. 2321, 2350 (2021).

The third cause of action fails because the FAIRMAPS Act provides no private right of action, and the exclusive means to press a claim the City has failed to comply with a mandatory duty imposed by this statute is through a petition for writ of mandate, in compliance with the evidentiary strictures and heavy burden imposed on a litigant seeking a writ of mandate. Additionally, the complaint fails to allege facts sufficient to state a claim of non-compliance with the FAIRMAPS Act that is plausible on its face. *See, e.g.*, *Ass'n of Irritated Residents v. San Joaquin Valley Unified Air Polution Control Dist.*, 168 Cal. App. 4th 535, 542 (2008).

The fourth cause of action fails because Elections Code section 10010 provides no private right of action to enforce the duty purportedly imposed under subsection (b), and the exclusive means to press a claim the City has failed to comply with a mandatory duty imposed by this statute is through a petition for writ of mandate, in compliance with the evidentiary strictures and heavy burden imposed on a litigant seeking a writ of mandate.  See, e.g., *Ass'n of Irritated Residents v. San Joaquin Valley Unified Air Polution Control Dist.*, 168 Cal. App. 4th 535, 542 (2008). Additionally, neither Section 10010(b) nor any other source of law or duty imposes the duty alleged concerning the sequencing of elections.

The fifth cause of action's allegations concerning intentional discrimination fail for the reasons articulated above. The allegations concerning substantial equality of population fail because Plaintiffs (1) do not make out a prime facie case by alleging a variance above and below ideal summing to 10% or greater, and (2) the remaining allegations fail to overcome the presumption of constitutionality applicable to deviations of less than 10%. *See, e.g.*, *Harris v. Arizona Indep. Redistricting Comm'n*, 578 U.S. 253, 259 (2016).

The sixth cause of action fails because the sole charging allegation ("[T]he deliberate overpopulation of the Historic District and Central Folsom in Preferred Map 2 violated the California Constitution") fails to state a claim that is plausible on its face. The California Constitution does not demand greater equality of population than the United States

Constitution, and so this claims fails for the same reasons Plaintiffs' federal malapportionment claim fails. *See, e.g.*, *Vandermost v. Bowen*, 53 Cal. 4th 421 (2012); *Assembly of State of Cal. v. Deukmejian*, 30 Cal. 3d 638, 667 (1982); *Jauregui v. City of Palmdale*, 226 Cal.App.4th 781, 800 (2014).

The seventh cause of action fails because the second and fifth causes of action fail. *See, e.g.*, *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 957 (9th Cir. 2008)

Again, Please let us know if and when you are available to discuss this evening, or anytime tomorrow. Please also let us know if any additional detail or explication of the City's position would be helpful in formulating a response.

As a final note, we disagree with your contention that the only response available to the City is an Answer. No demurrer, answer, motion to strike, or other response has been made in the state court to the First Amended Complaint. Federal Rule of Civil Procedure Rule 12, read with Rule 81, allows the City to, within seven days of removal, file an answer or assert the defenses listed in Fed. Rule Civ. Proc. 12(b) by way of motion. If you believe otherwise, we would again be happy to discuss on a call at your convenience. Thank you.

Best regards,

Daniel Richards

**From:** Scott Rafferty <rafferty@gmail.com>
**Sent:** Thursday, March 24, 2022 3:27 PM
**To:** Daniel Richards <Daniel.Richards@bbklaw.com>
**Cc:** Jeffrey Dunn <jeffrey.dunn@BBKLAW.COM>; Kerry Keefe <Kerry.Keefe@bbklaw.com>; Steven Wang <swang@folsom.ca.us>
**Subject:** Re: Shetty v Folsom

**CAUTION - EXTERNAL SENDER.**

You may file an answer on or before Wednesday.  The Federal Rules do not permit another motion to dismiss. It's been a week since you  appeared in this case and declined my invitation to discuss your intentions or even to return my phone calls.

3

It's obviously a busy day for me as I leave first thing in the morning.  I'm being ambushed by a suddenly urgent demand to phone from an airplane terminal  about your proposal to do something that is procedurally impermissible. This is completely inconsistent with the purposes of the meet and confer requirement.

Scott Rafferty

1913 W hitecliff Ct

Walnut Creek CA 94596
 mobile 202-380-5525

On Thu, Mar 24, 2022 at 11:52 AM Daniel Richards <Daniel.Richards@bbklaw.com> wrote:

> Hello Mr. Rafferty,
>
> If you are unavailable for a call tomorrow, are you available this afternoon, perhaps around 3:00, or any time thereafter? Alternatively, is there any time you are not travelling tomorrow and available for a call, perhaps outside regular business hours (before 8:00, or after 5:00, for example.) Regarding your statement "which assumes that a 12(b)(6) motion can be filed on Wednesday," do you have some reason to believe a responsive pleading filed on Wednesday would be untimely? The action was removed yesterday, 3/23/2022. Fed. R. Civ. Proc. 81(c)(2)(C) provides that after removal a responsive pleading must be filed no later than "7 days after the notice of removal is filed." Seven days from Wednesday, 3/23, 2022 is Wednesday, 3/30, 2022. If you have reason to believe the deadline is otherwise, we would be happy to discuss as well. Thank you.
>
> Best regards,
>
> Daniel Richards

**From:** Scott Rafferty <rafferty@gmail.com>
**Sent:** Thursday, March 24, 2022 11:29 AM
**To:** Daniel Richards <Daniel.Richards@bbklaw.com>
**Cc:** Jeffrey Dunn <jeffrey.dunn@BBKLAW.COM>; Kerry Keefe <Kerry.Keefe@bbklaw.com>; Steven Wang <swang@folsom.ca.us>
**Subject:** Re: Shetty v Folsom

CAUTION - EXTERNAL SENDER.

I am sorry that you were unable to return my call. I am traveling tomorrow and will not be available to meet or even to confer by phone.  You state that this is the LAST day for a required meet and confer, which assumes that a 12(b)(6) motion can be filed on Wednesday.

On Wed, Mar 23, 2022 at 3:27 PM Daniel Richards <Daniel.Richards@bbklaw.com> wrote:

> Hello Mr. Rafferty,
>
> Certainly. These documents are in the process of being filed with the state court and served on your office, but we'd be happy to separately electronically transmit courtesy copies (you should receive any further filing automatically through CM/EMF). Kerry, would you transmit to Mr. Rafferty the notice of removal and associated exhibits and other case opening documents?
>
> Also, the City is contemplating a Rule 12(b)(6) motion to dismiss as to Plaintiffs' First through Seventh Causes of Action. Per the attached Order re Filing Requirements for Cases Assigned to Judge Mendez, we are required to meet and confer five days in advance of filing a motion to dismiss. Because our responsive pleading deadline will be next Wednesday, are you available for a telephonic meet and confer sometime Friday? We'll be prepared to discuss substantially more on the call, but in advance of the call I can send a brief description of the basis for the contemplated motion. Thank you.
>
> Best regards,
>
> Daniel Richards

**From:** Scott Rafferty <rafferty@gmail.com>
**Sent:** Wednesday, March 23, 2022 2:58 PM
**To:** Jeffrey Dunn <jeffrey.dunn@BBKLAW.COM>; Steven Wang <swang@folsom.ca.us>; Daniel Richards <Daniel.Richards@bbklaw.com>
**Subject:** Re: Shetty v Folsom

CAUTION - EXTERNAL SENDER.

---

Would you please provide a copy of the court filings that you have made since appearing yesterday?

Scott Rafferty
1913 Whitecliff Ct

Walnut Creek CA 94596
 mobile 202-380-5525

On Tue, Mar 22, 2022 at 5:09 PM Scott Rafferty <rafferty@gmail.com> wrote:

> Please advise me of the purposes of your representation, which my clients have asked me to explain.  Is the city prepared to submit its proposed map for approval by the court and avoid the accumulation of additional fees?--



**Daniel Richards**
Associate
daniel.richards@bbklaw.com
T: (949) 263-2619
www.BBKlaw.com

1913 Whitecliff Ct Walnut Creek CA 94596 202-380-5525

This email and any files or attachments transmitted with it may contain privileged or otherwise confidential

information. If you are not the intended recipient, or believe that you may have received this communication in error, please advise the sender via reply email and immediately delete the email you received.

--

Sent from My iPhone 1913 Whitecliff Ct Walnut Creek CA 94596 202-380-5525

--

Sent from My iPhone 1913 Whitecliff Ct Walnut Creek CA 94596 202-380-5525

---------- Forwarded message ----------
From: "caed_cmecf_helpdesk@caed.uscourts.gov" <caed_cmecf_helpdesk@caed.uscourts.gov>
To: "CourtMail@caed.uscourts.dcn" <CourtMail@caed.uscourts.dcn>
Cc:
Bcc:
Date: Wed, 23 Mar 2022 21:36:30 +0000
Subject: Activity in Case 2:22-cv-00534-JAM-JDP Shetty et al v. City of Folsom Civil New Case Documents for JAM.

**CAUTION - EXTERNAL SENDER.**

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**U.S. District Court**

**Eastern District of California - Live System**

## Notice of Electronic Filing

The following transaction was entered on 3/23/2022 at 2:35 PM PDT and filed on 3/23/2022
**Case Name:**      Shetty et al v. City of Folsom
**Case Number:**    2:22-cv-00534-JAM-JDP
**Filer:**
**Document Number:** 6

**Docket Text:**
**CIVIL NEW CASE DOCUMENTS ISSUED. (Mena-Sanchez, L)**


**2:22-cv-00534-JAM-JDP Notice has been electronically mailed to:**

Jeffrey Vincent Dunn      jeffrey.dunn@bbklaw.com, kerry.keefe@bbklaw.com, daniel.richards@bbklaw.com

Scott Rafferty     rafferty@gmail.com

**2:22-cv-00534-JAM-JDP Electronically filed documents must be served conventionally by the filer to:**

---------- Forwarded message ----------
From: Daniel Richards <Daniel.Richards@bbklaw.com>
To: "'Scott Rafferty'" <rafferty@gmail.com>, Kerry Keefe <Kerry.Keefe@bbklaw.com>
Cc: Steven Wang <swang@folsom.ca.us>, Jeffrey Dunn <jeffrey.dunn@bbklaw.com>
Bcc:
Date: Wed, 23 Mar 2022 22:27:25 +0000
Subject: RE: Shetty v Folsom

Hello Mr. Rafferty,

Certainly. These documents are in the process of being filed with the state court and served on your office, but we'd be happy to separately electronically transmit courtesy copies (you should receive any further filing automatically through CM/EMF). Kerry, would you transmit to Mr. Rafferty the notice of removal and associated exhibits and other case opening documents?

Also, the City is contemplating a Rule 12(b)(6) motion to dismiss as to Plaintiffs' First through Seventh Causes of Action. Per the attached Order re Filing Requirements for Cases Assigned to Judge Mendez, we are required to meet and confer five days in advance of filing a motion to dismiss. Because our responsive pleading deadline will be next Wednesday, are you available for a telephonic meet and confer sometime Friday? We'll be prepared to discuss substantially more on the call, but in advance of the call I can send a brief description of the basis for the contemplated motion. Thank you.

Best regards,

Daniel Richards

**From:** Scott Rafferty <rafferty@gmail.com>
**Sent:** Wednesday, March 23, 2022 2:58 PM
**To:** Jeffrey Dunn <jeffrey.dunn@BBKLAW.COM>; Steven Wang <swang@folsom.ca.us>; Daniel Richards <Daniel.Richards@bbklaw.com>
**Subject:** Re: Shetty v Folsom

**CAUTION - EXTERNAL SENDER.**

Would you please provide a copy of the court filings that you have made since appearing yesterday?

Scott Rafferty
1913 Whitecliff Ct

Walnut Creek CA 94596
 mobile 202-380-5525

On Tue, Mar 22, 2022 at 5:09 PM Scott Rafferty <rafferty@gmail.com> wrote:

> Please advise me of the purposes of your representation, which my clients have asked me to explain.  Is the city prepared to submit its proposed map for approval by the court and avoid the accumulation of additional fees?--
>
> Sent from My iPhone 1913 Whitecliff Ct Walnut Creek CA 94596 202-380-5525

--
Sent from My iPhone 1913 Whitecliff Ct Walnut Creek CA 94596 202-380-5525