STEVEN WANG, Bar No. 191168
City Attorney
swang@folsom.ca.us
SARI MYERS DIERKING, Bar No. 226805
sdierking@folsom.ca.us
Assistant City Attorney
CITY OF FOLSOM
50 Natoma Street
Folsom, California 95630
Telephone: (916) 461-6025
Facsimile: (916) 351-0536

JEFFREY V. DUNN, Bar No. 131926
jeffrey.dunn@bbklaw.com
DANIEL L. RICHARDS, Bar No. 315552
daniel.richards@bbklaw.com
BEST BEST & KRIEGER LLP
18101 Von Karman Avenue, Suite 1000
Irvine, California 92612
Telephone: (949) 263-2600
Facsimile: (949) 260-0972

Attorneys for Defendants
CITY OF FOLSOM

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARI SHETTY, KAVITA SOOD, AND NEIGHBORHOOD ELECTIONS NOW,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF FOLSOM,<br><br>    Defendants. | Case No. 2-22-cv-00534-JAM-JDP<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT CITY OF FOLSOM'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>*[Filed concurrently with:*<br><br>*1. Motion to Dismiss;*<br>*2. Request For Judicial Notice: and*<br>*3. Declaration of Daniel L. Richards*<br><br>Date: June 28, 2022<br>Time: 1:30 p.m.<br>Room: 6 |

## **ORDER**

Defendant City of Folsom's ("Defendant") Motion to Dismiss Plaintiffs Hari Shetty, Kavita Sood, and Neighborhood Elections Now ("Plaintiffs") First Amended Complaint was heard on June 28, 2022. Appearances were made as noted on the record. Having considered all papers filed in support of and in opposition to the Motion, oral arguments of counsel, and all other pleadings and papers on file herein, the Court Orders as follows:

Defendant's Motion to Dismiss is GRANTED, as follows:

1. The First Count fails to state a claim against Defendant. It is based on allegations concerning the use of an at-large voting system, and the City has now transitioned to a by-district election system. This Count is therefore DISMISSED.

2. The Second Count fails to state a claim against Defendant. The second cause of action fails because (1) the Amended Complaint does not satisfy the *Gingles* preconditions in order to state an "effect" claim under Section 2, and fails to allege facts sufficient to state a claim of intentional discrimination that overcomes the presumption of good faith that is plausible on its face. This Count is therefore DISMISSED.

3. The Third Count fails to state a claim against Defendant because the FAIRMAPS Act provides no private right of action, and because the Count fails to allege facts sufficient to state a claim of non-compliance with the FAIRMAPS Act that is plausible on its face. This Count is therefore DISMISSED.

4. The Fourth Count fails to state a claim against Defendant because Elections Code section 10010 provides no private right of action to enforce the duty purportedly imposed under subsection (b), and because neither Section 10010(b) nor any other source of law or duty imposes the duty alleged concerning the sequencing of elections. This Count is therefore DISMISSED.

5. The Fifth Count fails to state a claim against Defendant because

Plaintiffs (1) do not make out a prime facie case by alleging a variance above and below ideal summing to ten percent or greater, and (2) the remaining allegations fail to overcome the presumption of constitutionality applicable to deviations of less than ten percent.

6. The Sixth Count fails to state a claim against Defendant because the sole charging allegation ("[T]he deliberate overpopulation of the Historic District and Central Folsom in Preferred Map 2 violated the California Constitution") fails to state a claim that is plausible on its face. The California Constitution does not demand greater equality of population than the United States Constitution, and so this claims fails for the same reasons Plaintiffs' federal malapportionment claim fails.

7, The Seventh Count under 42 U.S.C. § 1983 fails to state a claim against Defendant because the Second and Fifth Count fail to state a claim for violation of any right protected by federal statute or the United States Constitution.

For the reasons stated above, Defendant's Motion to Dismiss is GRANTED. As the Court finds that any amendment would be futile, Plaintiffs' claims are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

Dated:_____, 2022

HON. JOHN A. MENDEZ

55747.00005\34946114.1