UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| HARI SHETTY, KAVITA SOOD, AND NEIGHBORHOOD ELECTIONS NOW<br>PLAINTIFFS,<br><br>vs.<br><br>CITY OF FOLSOM,<br><br>DEFDENDANT | Civil Action No. 22-cv-00534-JAM-JDP<br><br>PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION<br><br>Date:  June 6, 2022<br>Time:  1:30<br>Room:  6 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that Plaintiffs Hari Shetty, Kavita Sood, and Neighborhood Elections Now (NEN) (collectively, Plaintiffs) will make the motion on for hearing before this court on June 6, 2022, at 1:30PM or as soon thereafter as the matter can be heard, in Courtroom No. 6 of the United States Courthouse located at 501 I Street, Sacramento, CA 95814.

Plaintiffs, by the undersigned attorney, moves this Court for a preliminary injunction, under the authority of Federal Rule of Civil Procedure 65(a) and Local Rule 231(d), enjoining the City of Folsom (Folsom), its officers, agents, employees, attorneys and all those in active concert or participation with them, including county election officials, from

establishing, maintaining, certifying or implementing any map of electoral districts or sequence of district elections until and unless approved by this Court pending a final hearing and determination of the merits of the above-entitled action.

This Motion is based on the attached memorandum of points and authorities and declarations, papers and records on file, and on such oral and documentary evidence as may be presented at the hearing or otherwise be authorized by the Court. The urgent need for a temporary restraint reflects the following facts and circumstances.

Since October 2020, when Plaintiffs requested that Folsom voluntarily comply with the CVRA, the City has made no attempt to rebut the study showing that the two probative elections (in which Asian-American candidates were defeated) demonstrate racially polarized voting. Folsom's own City Attorney repeatedly warned the City Council that, unless it created districts within the statutory cure period, it would "lose control" of the mapping and entitle the Superior Court to "determine district boundaries with input solely from plaintiffs' counsel." After the Council disregarded this advice, the City Attorney filed two dilatory motions to dismiss, neither of which succeeded.

On March 3, 2022, the Superior Court denied without prejudice an application for a temporary restraining order, relying on Folsom's argument that there would still be "time to litigate" after the City adopted a map, scheduled for consideration on March 22, 2022. On that date, without allowing public comment as required by state law, the Folsom City Council purported to approve Ordinance No. 1234, to be effective on April 21, 2022.

Pursuant to Rule 65(a)(2), Plaintiffs request that this Court advance the trial of

Folsom's liability under the CVRA with the determination of this motion.  The Council has expressed its intent to restore at-large elections if and when it concludes that the City can avoid the risk of costly litigation.  Therefore, at the trial of the merits, Plaintiffs expect to seek an additional, permanent injunction against a method of election other than by single-member districts.  Plaintiffs are prepared to support the "Dooley map" as part of an effective remedy, but the City may also propose an compliant alternative should it choose to do so.  The adoption of a CVRA remedy by this court will likely resolve all remaining claims made in Plaintiffs' First Amended Complaint, since the approved map will necessarily reflect the appropriate application of the FAIR MAPS Act and the requirement of equal population.

This brief restraint imposes no burden on Folsom.  On the contrary, advancing determination of the merits will avoid the costs that would otherwise occur when Folsom does start preparations for the November 2022 election.  A bond in any substantial amount would impose a great burden on Plaintiffs, who seek to vindicate their right to vote with no prospect of financial gain.[1]  For these reasons, on which the Memorandum elaborates, the Court should dispense with any security requirement.

Plaintiffs are delivering copies of this Notice and all related papers to the County Attorney in case it is appropriate to join the County Registrar or Board of Supervisors, who

---

[1] Elections Code, Section 14027 precludes prevailing defendants from recovering any costs unless the court finds a CVRA action to be frivolous, unreasonable, or without foundation.

ordinarily conduct the city's elections.

WHEREFORE, Plaintiffs respectfully request the Court grant their Motion, issue the proposed preliminary injunction pending a decision on the merits of Plaintiffs' claims in this matter, advance the trial of Folsom's liability under the CVRA, and dispense with any bonding requirement.

Dated: April 6, 2022                                          Respectfully submitted,

*Scott Rafferty*

Scott J. Rafferty, Esq.