UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARI SHETTY, et al.,<br><br>      Plaintiffs,<br><br>  v.<br><br>CITY OF FOLSOM,<br><br>      Defendant. | No. 2:22-cv-00534-JAM-JDP<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

This matter is before the Court on Defendant's motion to dismiss ("MTD"). See Mot. to Dismiss ("Mot."), ECF No. 7. Plaintiffs oppose the motion. See Opp'n, ECF No. 10. Defendant replied. See Reply, ECF No. 11. Plaintiffs brought seven claims (three under federal law and four under California state law) against Defendant. See First Amended Complaint ("FAC"), Ex. AS to Notice of Removal, ECF No. 2-15. For the reasons set forth below, the Court GRANTS Defendant's motion to dismiss.[1]

                            I.   BACKGROUND

Plaintiffs allege that Defendant City's at-large election

---

[1] The matter was heard on June 28, 2022.

1

system discouraged candidates from minority neighborhoods and reduced voter participation in Asian and Latino communities in violation of state and federal laws.  FAC ¶¶ 20-23.  Plaintiffs notified Defendant's City Council by mail that the City's at-large election system violated the California Voter Rights Act.  FAC ¶ 15.  Plaintiffs filed suit in Sacramento Superior Court on December 31, 2020.  See Notice of Removal at 1, ECF No. 1.  Since then, Defendant City has adopted Ordinance No. 1324, officially transitioning to a by-district election system as of March 22, 2022.  Opp'n at 4.  Defendant City removed the case to this Court and moved to dismiss Plaintiffs' claims.  See Notice of Removal.

## II.   OPINION

### A.   Judicial Notice

Defendant requests judicial notice of five documents in support of its motion to dismiss.  See Request for Judicial Notice ("RJN"), ECF No. 8.  Exhibits 1-5 are ordinances or reports prepared or issued by governmental or administrative bodies.  Matters of public record are appropriate for judicial notice.  See Abdullah v. U.S. Secur. Associates, Inc., 731 F.3d 952, 959 n. 10 (9th Cir. 2012) (holding that records and reports of administrative bodies are judicially noticeable).  The Court takes judicial notice of Exhibits 1-5 as public records.

### B.   No Rule 12(g) Preclusion

Plaintiffs argue the Court should deny Defendant's motion to dismiss as precluded by Rule 12(g)'s limitation on further motions: "[A] party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its

2

earlier motion." Fed. R. Civ. P. 12(g)(2). Plaintiffs contend that Defendant improperly raises defenses and objections available to it at the time of its second motion to dismiss. Opp'n at 7-8.

Plaintiffs' argument fails because Defendant's so-called "second motion to dismiss" was a motion filed in state court prior to removal. Opp'n at 3-4; Reply at 6. Defendant filed its state court motion under California Code of Civil Procedure Section 581. Reply at 6. It follows that Defendant's state court motion was not a Federal Rule 12 motion and therefore does not work to preclude Defendant's present motion to dismiss. The Court finds no Rule 12(g) preclusion.

C. Legal Standard

When a plaintiff fails to "state a claim upon which relief can be granted," the Court must dismiss the suit. Fed. R. Civ. P. 12(b)(6). To defeat a motion to dismiss, a plaintiff must "plead enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility under Twombly requires "factual content that allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

D. Analysis

Defendant moves to dismiss Plaintiffs' FAC for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Mot. at 3. As discussed below, the Court finds Plaintiffs' federal claims, two, five, and seven, appropriate for dismissal with prejudice.

Plaintiffs' second claim alleges violation of the Federal Voting Rights Act ("FVRA"). The FVRA forbids the imposition or application of any practice that would deny or abridge, on grounds of race or color, the right of any citizen to vote. 42 U.S.C. § 1873. After Congress amended the FVRA in 1982, courts have held that a plaintiff may state a claim for violation of the FVRA by alleging "intentional discrimination in the drawing of district lines [or] a facially neutral apportionment scheme that has the effect of diluting minority votes." Garza v. County of Los Angeles, 918 F.2d 763, 766 (9th Cir. 1990). For FVRA claims other than intentional discrimination, the Supreme Court in Gingles laid out three preconditions for liability: (1) geographical compactness of the minority group; (2) minority political cohesion; and (3) majority block voting. Thornburg v. Gingles, 478 U.S. 30, 50-51 (1986).

Plaintiffs concede that their allegations do not meet the Gingles preconditions. Opp'n at 9. Further, Plaintiffs have failed to allege sufficient facts to support a claim for intentional discrimination in violation of the FVRA. Although the Court must accept as true all allegations contained in the complaint, the Court need not accept as true any legal conclusions couched as factual allegations. Iqbal, 556 U.S. at 678. The Court dismisses Plaintiffs' second claim under the FVRA for failure to state a claim for which relief may be granted.

Plaintiffs' fifth claim alleges intentional voter dilution based on race in violation of the Equal Protection Clause. FAC

¶ 86.  Plaintiffs also allege Defendant violated the Fourteenth amendment requirement for "substantial equality of population among districts."  FAC ¶ 87.  To make out a claim for violation of the Equal Protection Clause, Plaintiffs must make a prima facie case of discrimination.  The existence of minor deviations among legislative districts below 10% variance is insufficient to make out a prima facie case of discrimination.  Brown v. Thomson, 462 U.S. 835, 842 (1983).

Plaintiffs have not alleged sufficient facts to support a claim for intentional discrimination.  Plaintiffs also have not alleged that the total deviation exceeds 10 percent.  As such, Defendant is entitled to a presumption of compliance with the Fourteenth Amendment.  Because Plaintiffs have not raised any facts that would challenge this presumption, Plaintiffs have failed to carry their burden of establishing either an intentional discrimination claim or a prima facie case of discrimination under the Equal Protection Clause.  The Court dismisses this claim for failure to state a claim upon which relief may be granted.

Plaintiffs' seventh claim alleges municipal liability under § 1983, otherwise known as Monell liability.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978).  Plaintiffs have failed to allege sufficient facts satisfying the elements for municipal liability under Monell. Plaintiffs' opposition states only that "the claim for damages under 1983 is dependent upon the prior federal claims."  Opp'n 11.  Thus, because those prior federal claims have been dismissed, there is nothing else in the FAC to support a Monell claim.  The Court dismisses this claim for

failure to state a claim for which relief may be granted.

The Court also finds amendment of claims two, five, and seven would be futile and therefore dismisses these claims with prejudice. Deveraturda v. Globe Aviation Sec. Servs., 454 F.3d 1043, 1049 (9th Cir. 2006) (finding dismissal with prejudice appropriate when amendment is futile).

### E. Supplemental Jurisdiction

A district court may sua sponte decline to exercise supplemental jurisdiction over pendant state law claims if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Having dismissed claims two, five, and seven, the Court declines to exercise supplemental jurisdiction over the remaining state law claims.[2]

### F. Improper Filing

Plaintiffs filed an ex parte application to remand this case at ECF No. 36 following the Court's June 28, 2022 hearing. The Court did not authorize such a response. The Court did not consider Plaintiffs' improper filing in resolving the present motion to dismiss. The Court STRIKES from the Docket Plaintiffs' filing at ECF No. 36 and their supplementary filing at ECF No. 37 as improper briefs.

## III. ORDER

For the reasons set forth above, the Court GRANTS Defendant's Motion to Dismiss with prejudice as to claims two,

---

[2] As indicated at hearing, the Court is persuaded that Plaintiffs' CVRA claim is mooted by Defendant City's transition to a by-district election system, but, having declined supplemental jurisdiction, the Court leaves the matter to its proper resolution by the Superior Court.

five, and seven.  The Court declines supplemental jurisdiction over the remaining state law claims.

    IT IS SO ORDERED.

Dated: July 13, 2022

                                    JOHN A. MENDEZ
                                    SENIOR UNITED STATES DISTRICT JUDGE